REVISED PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 26-00969-5-DMW |
| **CHARLES & COLVARD, LTD.** ) | |
| ) | Chapter 11 |
| Debtor. ) | |

## ORDER AUTHORIZING
## DEBTOR TO PAY WAGES ACCRUED PRE-PETITION

THIS MATTER coming on for hearing before the United States Bankruptcy Court upon the Debtor's Emergency Motion for Order Authorizing Debtor to Pay Wages Accrued Pre-Petition filed on March 3, 2026 (the "Motion"), and it appearing to the Court as follows:

1. Charles & Colvard, Ltd. is a North Carolina corporation founded in 1995 and headquartered in Morrisville, North Carolina. The Debtor was founded as C3 Diamante, Inc., and changed its name to C3, Inc. by Articles of Amendment filed on April 10, 1996. The Debtor subsequently changed its name to Charles & Colvard, Ltd. by Articles of Amendment filed on May 17, 2000.

2. The Debtor is a globally recognized fine jewelry company specializing in lab-

created gemstones.  Its common stock is quoted on the OTC Experts Market under the symbol "CTHR."  The Debtor manufactures, markets, and distributes Charles & Colvard Created Moissanite® including its premium moissanite gemstone brand, Forever One™, as well as Caydia®, its brand of premium lab-grown diamonds.  The Debtor offers gemstones and finished jewelry featuring its proprietary moissanite jewels, premium lab-grown diamonds, created color gemstones, and most recently, lab-grown diamonds in color, for sale in the worldwide fine jewelry market through two operating segments: its Online Channels segment, which encompasses its digital properties components, comprised of its charlesandcolvard.com, moissaniteoutlet.com, charlesandcolvarddirect.com, and madenetwork.com websites; e-commerce outlets, including marketplaces, drop-ship customers, and other pure-play, exclusively e-commerce customers; and its Traditional segment, which consists of domestic and international distributors and retail customers, including end-consumers through its first Charles & Colvard Signature Showroom, which opened in October 2022.  As of the petition date, the Debtor had a total of 25 full-time employees and 1 part-time employee.

3. The Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina on March 2, 2026 (the "Petition Date") to facilitate reorganization and the continuation of its business.

4. The Bankruptcy Court for the Eastern District of North Carolina has issued an order pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code authorizing the Debtor to retain its assets and operate its business as debtor-in-possession.

5. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157.

6. The Debtor requested authority to honor and pay obligations for work performed pre-petition. This pre-petition work allowed wage claimants to accrue gross wages which would not be paid in the ordinary course of business until after the filing of the petition. Based upon the normal pay cycles for the payment of wages and salaries, the Debtor is duly obligated for total pre-petition gross wages in the amount of $14,009.00 and applicable matching payroll taxes in the amount of $4,789.00 After review, the Debtor realized that it erroneously included the compensation for officer, Clint Pete in the amount of $534.27 for payroll and $257.87 for payroll taxes.

7. The Debtor further requests authority to continue to provide its employees with certain benefits, specifically payment of employee-only health insurance coverage through Blue Cross Blue Shield, as well as employee-only short-term disability, long term disability, and life/AD&D insurance through USAble Life.

8. All pre-petition employee wage claims are below the $17,150.00 priority limit prescribed by §507(a)(4) of the Bankruptcy Code and accrued within the last 180 days prior to the Petition Date.

9. The payments as requested in the Motion are in the best interest of creditors, the Debtor, the Debtor's employees, and are essential to the successful reorganization for the purpose of maximizing return on the assets of the Debtor.

WHEREFORE, based upon the foregoing Findings of Fact and Conclusions of Law, the Court hereby ORDERS:

The Debtor is authorized to pay pre-petition employee claims for wages that accrued but remain unpaid as of the Petition Date up to the amount of $13,474.73 remit all federal and state

withholding taxes up to $4,531.13 and continue to provide employee benefits as detailed in the Motion.

**END OF DOCUMENT**