**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHARLES & COLVARD, LTD.** | ) | **Case No. 26-00969-5-DMW** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**MOTION TO REJECT CERTAIN UNEXPIRED**
**LEASE OF NON-RESIDENTIAL REAL PROPERTY**

**COMES NOW** The Little Mint, Inc. (the "Debtor"), by and through its undersigned counsel, pursuant to 11 U.S.C. § 365, and respectfully files this Motion to Reject Certain Unexpired Leases of Non-Residential Real Property ("Motion"), seeking entry of an order immediately rejecting a certain unexpired lease as detailed herein.  In support of this Motion, the Debtor shows the Court the following:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code on March 2, 2026 (the "Petition Date") and, since that date, has continued in possession of its assets, operated its business, and managed its affairs as a as Debtor-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtor is a North Carolina corporation founded in 1995 and headquartered in Morrisville, North Carolina.  The Debtor was founded as C3 Diamante, Inc., and changed its name to C3, Inc. by Articles of Amendment filed on April 10, 1996.  The Debtor subsequently changed its name to Charles & Colvard, Ltd. by Articles of Amendment filed on May 17, 2000.

4.      The Debtor is a globally recognized fine jewelry company specializing in lab-created gemstones.  Its common stock is quoted on the OTC Experts Market under the symbol "CTHR."   The Debtor manufactures, markets, and distributes Charles & Colvard Created Moissanite® including its premium moissanite gemstone brand, Forever One™, as well as Caydia®, its brand of premium lab-grown diamonds.  The Debtor offers gemstones and finished jewelry featuring its proprietary moissanite jewels, premium lab-grown diamonds, created color gemstones, and most recently, lab-grown diamonds in color, for sale in the worldwide fine jewelry market through two operating segments: its Online Channels segment, which encompasses its digital properties components, comprised of its charlesandcolvard.com, moissaniteoutlet.com, charlesandcolvarddirect.com, and madenetwork.com websites; e-commerce outlets, including marketplaces, drop-ship customers, and other pure-play, exclusively e-commerce customers; and its Traditional segment, which consists of domestic and international distributors and retail customers, including end-consumers through its first Charles & Colvard Signature Showroom, which opened in October 2022.  As of the Petition Date, the Debtor had a total of 26 full-time employees and 1 part-time employee.

5.      At all relevant times, the Debtor owned certain jewelry, precious metals, loose jewels, jewelry production equipment, office furniture and equipment, intangibles, and other personal property as detailed in Schedule A/B of its bankruptcy schedules.  The Debtor does not own any real property.  The Debtor's personal property is referred to herein as the "Property".

6.      The Debtor has since sold the Property, as set forth more particularly in that certain Final Order: (I) Approving Private Sale of Personal Property Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Approving Successful Bidder entered on June 25, 2026 [DE# 114].

**<u>Request for Rejection of Unexpired Lease of Real Property</u>**

7.      Prior to the Petition Date, and at all relevant times, the Debtor leased certain office space located at 170 Southport Drive, Morrisville, North Carolina (the "Premises") pursuant to that certain Lease Agreement dated December 9, 2013 (as amended, the "Lease").  The landlord under the Lease is SBP Office Owner, LP.

8.      The Debtor requests that the Lease be rejected immediately, as of the date of this Motion.

9.      To the extent it was not terminated prior to the Petition Date or subject to immediate termination by receipt of this Motion, the Debtor requests that the Lease be deemed rejected as of the date of this Motion.

10.      The Lease requires the payments of base monthly rent and operating expenses as ser forth more particularly in the Lease.  Following the Debtor's sale of the Property, the Lease has no remaining value or benefit to the estate.

11.      The Lease is not necessary to the Debtor's reorganization, has no value to the estate, and its rejection is in the best interests of the estate and its creditors.

12.      The Debtor seeks to reject the Lease in accordance with principles of sound business judgment and the circumstances of this case.  The Lease is, and will continue to be, a burden to the Debtor's estate.  There are no longer operations at the Premises subject to the Lease, and the Debtor has no further use for the Premises.  The Debtor has vacated or will immediately vacate the Premises, and the Lease no longer provides any economic benefit to the Debtor's estate.

13.      Additionally, the Debtor has determined, in its reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Lease.

14.     To the extent notice of the Debtor's intention to reject the Lease has not been previously provided, the filing and service of this Motion shall serve as notice of the Debtor's intention to reject the Lease.  A proposed order is attached hereto as **Exhibit A**.

**<u>Request for Bar Date for Assertion of Claims Related to the Rejected Lease</u>**

15.     In addition to the rejection of the Lease, the Debtor requests that the Court set a bar date for the assertion of any claims related to the rejection of the Lease, or arising out of or related to the subject of any of the Lease as follows:

a.     Any claim arising from the rejection of the Lease shall be filed within 30 days after the date of the entry of the order allowing this Motion, and if not timely filed any such claim shall be barred; and

b.     Any creditor believing it is entitled to an administrative claim arising out of or related to the subject of the Lease shall file with the Court within 30 days after the date of the entry of the Order allowing this Motion (the "Administrative Bar Date") a Motion or Request for Allowance of Administrative Expense Claim, and if such a motion or request is not timely filed any such claim shall be barred.  It shall not be sufficient for a creditor to file a proof of claim asserting an administrative claim arising out of or related to the Lease without timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim.  Any proof of claim filed by a creditor asserting an administrative claim arising out of or related to the Lease that is filed without the creditor's timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim shall be disallowed.

c.     The Debtor reserves any and all rights to object to any rejection damage claims or other claims filed by any counterparty.

WHEREFORE, the Debtor prays for the following relief:

1.     That the Court enter an order providing that, to the extent that the Lease was not terminated prior to the Petition Date or subject to immediate termination by receipt of this Motion, the Lease is rejected as of the date of this Motion;

2.     That the Court set a bar date for the assertion of any claims related to the rejection of the Lease or arising out of or related to the subject of the Lease as requested herein; and

3.     For such other and further relief as the Court may deem just and proper.

Dated: July 2, 2026

**HENDREN, REDWINE & MALONE, PLLC**

*/s/ Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Email: jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com
        bwaller@hendrenmalone.com
        lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHARLES & COLVARD, LTD.** | ) | **Case No. 26-00969-5-DMW** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN of the *MOTION TO REJECT CERTAIN UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY* (the "Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that the Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court within **FOURTEEN (14) DAYS**; and

FURTHER NOTICE IS HEREBY GIVEN that, if a response and request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date to be determined by the United States Bankruptcy Court. Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice.

DATED: July 2, 2026                    **HENDREN, REDWINE & MALONE, PLLC**

                                       */s/ Rebecca Redwine Grow*
                                       Jason L. Hendren (NC State Bar No. 26869)
                                       Rebecca Redwine Grow (NC State Bar No. 37012)
                                       Benjamin E.F.B. Waller (NC State Bar No. 27680)
                                       Lydia C. Carpenter (NC State Bar No. 56697)
                                       4600 Marriott Drive, Suite 150
                                       Raleigh, NC 27612
                                       Telephone: (919) 420-7867
                                       Email: jhendren@hendrenmalone.com
                                              rredwine@hendrenmalone.com
                                              bwaller@hendrenmalone.com
                                              lcarpenter@hendrenmalone.com
                                       *Counsel for the Debtor*

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca F. Redwine, of 4600 Marriott Drive, Suite 150, Raleigh, North Carolina 27612, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day I served copies of the Motion to Reject Certain Unexpired Lease of Non-Residential Real Property and Notice of Motion on the parties listed below electronically or by depositing a copy of the same in the United States mail bearing sufficient postage pursuant to the Order Limiting Notice [DE# 62].

I certify under penalty of perjury that the foregoing is true and correct.

This the 2nd day of June, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

*/s/ Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Email: jhendren@hendrenmalone.com
      rredwine@hendrenmalone.com
      bwaller@hendrenmalone.com
      lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

Brian Behr                      (via CM/ECF)
*Office of the Bankruptcy Administrator*

Laurie Biggs                   (via CM/ECF)
Counsel for Wear the Passion, Inc.

Jennifer Lyday                (via CM/ECF)
Kevin Sink
Patrick Costello
Counsel for Van Lang Jewelry LLC

Rebecca Lindahl              (via CM/ECF)
Counsel for Wolfspeed, Inc.

Louis Spencer                                    (via CM/ECF)
Counsel for SBP Office Owner, LP

Stuart Wilson-Patton                             (via CM/ECF)
Counsel for TN Dept. of Revenue

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                          )
                                                )
CHARLES & COLVARD, LTD.          )          Case No. 26-00969-5-DMW
                                                )
        Debtor.                            )          Chapter 11
                                                )

**ORDER ALLOWING MOTION TO REJECT CERTAIN UNEXPIRED LEASE OF**
**NON-RESIDENTIAL REAL PROPERTY**

THIS MATTER comes before the Court upon the Debtor's Reject Certain Unexpired Leases of Non-Residential Real Property which was filed on July 2, 2026 (the "Motion"). After proper notice and an opportunity for a hearing and based on the record in this case and the evidence presented, it appears that the Motion was duly served and that the relief requested therein is proper and should be granted. Accordingly, based on the Motion and the record in this case, the Court makes the following findings of fact and conclusions of law:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code on March 2, 2026 (the "Petition Date") and, since that date, has continued in possession of its assets, operated its business, and managed its affairs as a as Debtor-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtor is a North Carolina corporation founded in 1995 and headquartered in Morrisville, North Carolina.  The Debtor was founded as C3 Diamante, Inc., and changed its name to C3, Inc. by Articles of Amendment filed on April 10, 1996.  The Debtor subsequently changed its name to Charles & Colvard, Ltd. by Articles of Amendment filed on May 17, 2000.

4.      The Debtor is a globally recognized fine jewelry company specializing in lab-created gemstones.  Its common stock is quoted on the OTC Experts Market under the symbol "CTHR."   The Debtor manufactures, markets, and distributes Charles & Colvard Created Moissanite® including its premium moissanite gemstone brand, Forever One™, as well as Caydia®, its brand of premium lab-grown diamonds.  The Debtor offers gemstones and finished jewelry featuring its proprietary moissanite jewels, premium lab-grown diamonds, created color gemstones, and most recently, lab-grown diamonds in color, for sale in the worldwide fine jewelry market through two operating segments: its Online Channels segment, which encompasses its digital properties components, comprised of its charlesandcolvard.com, moissaniteoutlet.com, charlesandcolvarddirect.com, and madenetwork.com websites; e-commerce outlets, including marketplaces, drop-ship customers, and other pure-play, exclusively e-commerce customers; and its Traditional segment, which consists of domestic and international distributors and retail customers, including end-consumers through its first Charles & Colvard Signature Showroom, which opened in October 2022.  As of the Petition Date, the Debtor had a total of 26 full-time employees and 1 part-time employee.

5.      At all relevant times, the Debtor owned certain jewelry, precious metals, loose jewels, jewelry production equipment, office furniture and equipment, intangibles, and other personal property as detailed in Schedule A/B of its bankruptcy schedules. The Debtor does not own any real property. The Debtor's personal property is referred to herein as the "Property".

6.      The Debtor has since sold the Property, as set forth more particularly in that certain Final Order: (I) Approving Private Sale of Personal Property Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Approving Successful Bidder entered on June 25, 2026 [DE# 114].

7.      Prior to the Petition Date, and at all relevant times, the Debtor leased certain office space located at 170 Southport Drive, Morrisville, North Carolina (the "Premises") pursuant to that certain Lease Agreement dated December 9, 2013 (as amended, the "Lease"), which, if it has not already been terminated or is not subject to immediate termination, the Debtor desires to reject immediately and as of the date of this Motion.

8.      The Lease is not necessary to the Debtor's reorganization, has no value to the estate, and its rejection is in the best interests of the estate and its creditors.

9.      It is appropriate to establish a bar date of 30 days from the entry of this Order for the assertion of any claims arising from the rejection of the Lease, or arising out of or related to the subject of the Lease.

NOW, THEREFORE, in consideration of the above findings of fact and conclusions of law, IT IS ORDERED as follows:

1.      To the extent that the Lease was not terminated prior to the Petition Date or subject to immediate termination by receipt of the Motion, the Lease is rejected as of the date of the Motion.

2.      Any claim arising from the rejection of the Lease shall be filed within 30 days after the date of the entry of this Order, and if not timely filed any such claim shall be barred.

3.      Any creditor believing it is entitled to an administrative claim arising out of or related to the subject of the Lease shall file with the Court within 30 days after the date of the entry of this Order (the "Administrative Bar Date") a Motion or Request for Allowance of Administrative Expense Claim, and if such a motion or request is not timely filed any such claim shall be barred.  It shall not be sufficient for a creditor to file a proof of claim asserting an administrative claim arising out of or related to the Lease without timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim.  Any proof of claim filed by a creditor asserting an administrative claim arising out of or related to the Lease that is filed without the creditor's timely filing by the Administrative Bar Date of an appropriate Motion or Request for Allowance of Administrative Expense Claim shall be disallowed.

**END OF DOCUMENT**