**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**Raleigh Division**

IN RE:

CHARLES & COLVARD, LTD.

      Debtor.

Chapter 11

Case No. 26-00969-5-DMW

**LIMITED OBJECTION TO MOTION TO REJECT CERTAIN UNEXPIRED LEASE OF**
**NON-RESIDENTIAL REAL PROPERTY**

SBP Office Owner, LP (the "Landlord"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to Debtor's Motion to Reject Certain Unexpired Lease of Non-Residential Real Property [Doc 117] (the "Motion"). In support of this Objection, the Landlord respectfully states as follows:

1.      Landlord does not oppose rejection of the Lease. This Objection is directed solely to the proposed effective date of rejection. The Motion and the proposed order seek to deem the Lease rejected as of July 2, 2026 (the date of the Motion) rather than the date on which the Debtor actually surrenders possession of and access to the leased premises to the Landlord. Landlord respectfully objects to any effective rejection date earlier than the date on which the Debtor actually surrenders possession of the Premises and restores full access thereto to the Landlord.

2.      The Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code on March 3, 2026. The Debtor continues in possession of its assets, operates its business, and manages its affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157.

4. Prior to the Petition Date, and at all relevant times, the Debtor leased certain office space located at 170 Southport Drive, Morrisville, North Carolina (the "Premises") pursuant to that certain Lease Agreement dated December 9, 2013 (as amended, the "Lease"). The Landlord under the Lease is SBP Office Owner, LP.

5. Debtor owes Landlord past due pre-petition rent of $204,576.88 [Claim 31].

6. Following the filing of the bankruptcy petition, the Debtor has continued to use and occupy the Premises for the benefit of the Debtor's estate. The Debtor's post-petition use and occupancy of the Premises constitute an actual and necessary cost of preserving the estate within the meaning of 11 U.S.C. § 503(b)(1)(A).

7. On June 22, 2026, the Debtor held an auction sale of substantially all its personal property located at the Premises pursuant to sale procedures approved by order of this Court. This Court entered a final Order approving the sale on June 25, 2026 [DE# 114].

8. The sale of personal property does not constitute the Debtor's vacating of the Premises or a cessation of occupancy by the Debtor for purposes of determining the Landlord's entitlement to post-petition rent as an administrative expense under 11 U.S.C. § 503(b)(1)(A).

9. The Debtor's post-petition use and occupancy of the Premises provide a direct and substantial benefit to the Debtor's estate by allowing the Debtor to continue its business operations and to consummate the sale of its personal property for the benefit of the estate.

10. The Premises continues to be utilized for the storage of inventory and other personal property by and on behalf of the purchaser, and such continued use was essential to consummating the sale and inures to the benefit of the Debtor's estate.

11.     On July 2, 2026, the Debtor filed the Motion [Doc 117] requesting that the Lease be rejected as of the date of its Motion.

12.     The Lease has not expired by its own terms or previously been assumed or rejected by Debtor pursuant to an order of the Bankruptcy Court.

13.     Landlord does not have access to the Premises. Debtor has not yet returned keys or surrendered possession of the Premises to Landlord.

14.     Landlord has no objection to rejection of the Lease. Landlord does object, however, to the Debtor's request for an Order establishing an effective date for the rejection of the Lease that is retroactive to a date prior to Debtor turning over possession of the Premises to Landlord.

15.     Additionally, Landlord respectfully requests that the Court's Order provide that any personal property of Debtor at the Premises is deemed abandoned as of rejection of the Lease and that Landlord may dispose of such remaining property in its sole and absolute discretion without any liability to Debtor or any third party.

Law and Argument

I.      The Court Should Approve Debtor's Rejection of the Lease Effective as of Entry of its Order and Not as of an Earlier Date.

16.     The effective date of rejection of a non-residential real property lease is the date of entry of the bankruptcy court's order approving rejection, and that court approval is a condition precedent to an effective rejection. See In re Compuadd Corp., 166 Bankr. 862 (Bankr.W.D.Tex. 1994); In re Appliance Store, Inc., 148 Bankr. 234 (Bankr.W.D.Pa. 1992); Maroon v. Four Star Pizza, Inc (In re Four Star Pizza, Inc.), 135 Bankr. 498 (Bankr.W.D.Pa. 1992); In re Federated Dept. Stores, Inc., 131 Bankr. 808 (S.D.Ohio 1991); In re Worths Stores Corp., 130 Bankr. 531 (Bankr.E.D.Mo. 1991); In re Garfinckels, Inc., 118 Bankr. 154 (Bankr.D.D.C. 1990); In re Revco D.S., Inc., 109 Bankr. 264 (Bankr.N.D.Ohio 1989).

17.     The Western District of North Carolina has noted that the Court's approval of rejection is a condition precedent to the Debtor's rejection of its Lease, and that "[s]uch position is consistent with the reasoning of the U.S. Court of Appeals for the First Circuit in Thinking Machines Corporation v. Mellon Financial Services Corporation (In re Thinking Machines Corp.), 67 F.3d 1021, 1025 (1st Cir. 1995), in which it held that 'we believe that section 365(a) is most faithfully read as making court approval a condition precedent to the effectiveness of a trustee's rejection of a nonresidential lease.'" In re Carolina Sleep Shoppe, LLC, No. 13-32346, 2014 Bankr. LEXIS 1226, at *5-6 (Bankr. W.D.N.C. Mar. 31, 2014).

II.     The Debtor's Continued Possession and Failure to Surrender Make a Retroactive Effective Rejection Date Inequitable.

18.     Section 365(d)(3) requires a debtor to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected." 11 U.S.C. § 365(d)(3).

19.     Setting the effective date of rejection retroactively to July 2, 2026, while the Debtor retains possession of the Premises, would effectively relieve the Debtor of these statutory obligations, including rent and maintenance, for the period it continues to occupy and benefit from the Premises.

20.     The Landlord should not be deprived of its statutory protections under section 365(d)(3) or its right to administrative rent or use and occupancy for any period in which the Debtor remains in possession. Accordingly, the effective date of rejection should be the date of this Court's order approving rejection, as the Landlord is unable to exercise full control over the Premises and re-let them until such approval is granted.

WHEREFORE, based upon the foregoing, the Landlord respectfully requests a hearing on the Debtor's Motion to Reject, and requests that the Court grant such other and further relief the Court may deem just and proper

Dated: July 16, 2026.

ALEXANDER RICKS, PLLC

/s/ Louis G. Spencer
Louis G. Spencer (NC Bar No. 36019)
louis@alexanderricks.com
1420 E. 7th Street, Suite 100
Charlotte, North Carolina 28204
Telephone: (980) 335-0711
Facsimile: (704) 365-3676
*Counsel for SBP Office Owner, LP*

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Raleigh Division**

|  |  |
|---|---|
| IN RE:<br><br>CHARLES & COLVARD, LTD.<br><br>Debtor. | Chapter 11<br><br>Case No. 26-00969-5-DMW |

**<u>CERTIFICATE OF SERVICE</u>**

I, Louis G. Spencer, hereby certify that on this 16th day of July 2026, I caused the foregoing

LIMITED OBJECTION TO MOTION TO REJECT CERTAIN UNEXPIRED LEASE OF NON-

RESIDENTIAL REAL PROPERTY filed herewith to be served by this Court's CM/ECF System.

Dated: July 16, 2026.

ALEXANDER RICKS, PLLC

/s/ Louis G. Spencer
Louis G. Spencer (NC Bar No. 36019)
louis@alexanderricks.com
1420 E. 7th Street, Suite 100
Charlotte, North Carolina 28204
Telephone: (980) 335-0711
Facsimile: (704) 365-3676
*Counsel for SBP Office Owner, LP*