**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHARLES & COLVARD, LTD.** | ) | **Case No. 26-00969-5-DMW** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SALE PROCEEDS**

NOW COMES Charles & Colvard, Ltd. (the "Debtor"), by and through its undersigned counsel, and respectfully moves this Court for entry of an Order Authorizing the Disbursement of Sale Proceeds. In support of this Motion, the Debtor shows unto this Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

2. The Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code on March 2, 2026 (the "Petition Date") and, since that date, has operated as Debtor-in-Possession.

3. The Debtor is a North Carolina corporation founded in 1995 and headquartered in Morrisville, North Carolina. The Debtor was founded as C3 Diamante, Inc., and changed its name to C3, Inc. by Articles of Amendment filed on April 10, 1996. The Debtor subsequently changed its name to Charles & Colvard, Ltd. by Articles of Amendment filed on May 17, 2000.

4. The Debtor is a globally recognized fine jewelry company specializing in lab-created gemstones. Its common stock is quoted on the OTC Experts Market under the symbol "CTHR." The Debtor manufactures, markets, and distributes Charles & Colvard Created

Moissanite® including its premium moissanite gemstone brand, Forever One™, as well as Caydia®, its brand of premium lab-grown diamonds. The Debtor offers gemstones and finished jewelry featuring its proprietary moissanite jewels, premium lab-grown diamonds, created color gemstones, and most recently, lab-grown diamonds in color, for sale in the worldwide fine jewelry market through two operating segments: its Online Channels segment, which encompasses its digital properties components, comprised of its charlesandcolvard.com, moissaniteoutlet.com, charlesandcolvarddirect.com, and madenetwork.com websites; e-commerce outlets, including marketplaces, drop-ship customers, and other pure-play, exclusively e-commerce customers; and its Traditional segment, which consists of domestic and international distributors and retail customers, including end-consumers through its first Charles & Colvard Signature Showroom, which opened in October 2022. As of the Petition Date, the Debtor had a total of 26 full-time employees and 1 part-time employee.

5. The Debtor owned certain jewelry, precious metals, loose jewels, jewelry production equipment, office furniture and equipment, intangibles, and other personal property as detailed in Schedule A/B of its bankruptcy schedules. The Debtor does not own any real property. The Debtor's personal property as detailed herein is the "Property".

**Stalking Horse Motion and Orders**

6. On April 15, 2026, the Debtor filed a Motion for Order (I) Approving Private Sale of Personal Property Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Approving Stalking Horse Bidder; (III) Approving Stalking Horse Break-Up Fee; (IV) Approving Overbid Procedures and Auction; and (V) Scheduling Hearing for Final Approval of Sale of Assets filed on April 15, 2026 [DE# 71] (the "Stalking Horse Motion").

7. The Stalking Horse Motion was initially allowed by Order entered on April 29, 2026 [DE# 86] (the "Stalking Horse Order"), which scheduled an auction sale as well as a final sale hearing for June 22, 2026. On June 22, 2026, the Court held a final hearing on the Stalking Horse Motion (the "Final Sale Hearing") in Raleigh, North Carolina to approve and confirm the sale of the Assets to the Successful Bidder.

8. Following the Final Sale Hearing, the Court entered a Final Order: (I) Approving Private Sale of Personal Property Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Approving Successful Bidder [DE# 114] (the "Final Sale Order"), whereby AJS Creations, Inc. was approved as the Successful Bidder[1] with a winning bid in the amount of $2,700,000.00 for the Assets (as defined in the Final Sale Order).

9. On July 1, 2026, the Debtor received the balance of the $2,700,000.00 purchase price from the Successful Bidder (the "Sale Proceeds").

**Asserted Liens and Priorities**

10. Prior to the Petition Date, Essential Lab Grown Diamonds Inc. ("Essential Diamonds") filed a UCC-1 financing statement against the Debtor with the North Carolina Secretary of State on April 4, 2021, bearing File No. 20210042326C (the "Essential Diamonds UCC"), covering certain "[l]oose laboratory-grown diamonds . . . delivered on consignment terms by [Essential Diamonds] pursuant to Consignment Agreement, Consignment and Security Agreement, and/or Consignment Memoranda, to or for the account of the Debtor . . . together with all products and proceeds of any nature (including insurance proceeds), and all receivables and contract rights created by the sale of the Collateral." Essential Diamonds has not yet filed a proof of claim. As of the Petition Date, the outstanding balance owed to Essential Diamonds is believed

[1] Capitalized terms not defined in this Motion shall have the meanings ascribed to them in the Stalking Horse Order [DE# 86].

to be approximately $66,024.00. Importantly, the Essential Diamonds UCC was not continued and therefore lapsed on April 4, 2026. As a result, Essential Diamonds, to the extent it has a valid, enforceable claim against the Debtor, is nothing more than a general unsecured creditor.

11. Prior to the Petition Date, Wolfspeed, Inc. ("Wolfspeed") filed a UCC-1 financing statement against the Debtor with the North Carolina Secretary of State on May 8, 2023, bearing File No. 20230058140G (the "Wolfspeed UCC"), in connection with an Exclusive Supply Agreement dated December 12, 2014, as amended, and a Confidential Settlement Agreement dated on or about February 7, 2025 (collectively, the "Wolfspeed Agreement", and together with the other agreements and instruments executed in connection therewith and/or otherwise evidencing Wolfspeed's claims, the "Wolfspeed Documents"). The Wolfspeed UCC covers "All assets of the Debtor, whether now owned or hereafter acquired, together with all proceeds, products, accessions and additions with respect to each of the foregoing from time to time, including, without limitation, any insurance proceeds, but expressly excluding assets that constitute precious metals, regardless of form." (Emphasis added.) According to Wolfspeed's filed proof of claim (Claim No. 29) (the "Wolfspeed Claim"), as of the Petition Date the outstanding balance owed to Wolfspeed under the Wolfspeed Documents was $2,437,095.89.

12. Prior to the Petition Date, Ethara Capital LLC ("Ethara") filed a UCC-1 financing statement against the Debtor with the North Carolina Secretary of State on December 4, 2025, bearing File No. 20250178577F (the "Ethara UCC"), in connection with a Convertible Secured Note Purchase Agreement dated June 24, 2025 and a Secured Convertible Note dated July 3, 2025 (the "Ethara Agreement"). The Ethara UCC purportedly covers "All fixtures and personal property of every kind and nature". According to Ethara's filed proof of claim (Claim No. 23) (the "Ethara Claim"), as of the Petition Date the outstanding balance owed to Ethara under the Ethara

Agreement was $2,143,432.52. The Ethara Claim is disputed and is the subject of a pending adversary proceeding seeking to avoid Ethara's purported lien (Adv. Proc. No. 26-00017-5-DMW) (the "Ethara AP").

13. Pursuant to the Final Order Approving Debtor-in-Possession Financing entered by this Court on April 13, 2026 [DE# 69] (the "Final DIP Order"), Van Lang Jewelry LLC ("VLJ") was granted a first-priority security interest in the Debtor's "Precious Metals" (as defined in the Final DIP Order) and the "Causes of Action" (as defined in the Final DIP Order).

14. Accordingly, VLJ held a first-priority lien in the Debtor's Precious Metals.

15. Upon information and belief, Wolfspeed holds a perfected and non-avoidable first-priority security interest in all of the Debtor's assets with the exception of the Precious Metals. Upon information and belief, Wolfspeed does <u>not</u> have a perfected security interest in the Precious Metals, as evidenced by the Wolfspeed UCC.

16. Pursuant to the Final DIP Order, among other things, VLJ was granted a second-priority interest in all of the Debtor's assets with the exception of the Precious Metals, junior only to any perfected and non-avoidable security interest in favor of Wolfspeed.

17. Upon information and belief, and subject to the resolution of the pending Ethara AP, the Ethara Claim, to the extent allowed, is unsecured.

**<u>The DIP Loan Payoff and Distribution to VLJ</u>**

18. Pursuant to the Final DIP Order, the Court authorized the Debtor and VLJ to execute the DIP Loan Documents (as defined in the Final DIP Order) evidencing the DIP Loan. In accordance with the DIP Loan Documents, the Debtor was required to pay the balance of the DIP Loan upon the closing of the sale to the Successful Bidder.

19. On July 9, 2026, the Debtor distributed $45,000.00 to VLJ for its approved Break-Up Fee pursuant to the Stalking Horse Order. Thereafter, on July 14, 2026, the Debtor distributed $638,693.00 of the Sale Proceeds to VLJ in full repayment of all amounts owing under the DIP Loan, with the exception of attorneys' fees and expenses in the amount of $82,350.00.

20. Following the above-referenced distributions to VLJ, Debtor's counsel continues to hold the remaining Sale Proceeds in the amount of $2,016,306.65. After reservation for VLJ's asserted legal fees in the amount of $82,350.00, the sum of $1,933,956.65 remains available for disbursement.

**Proposed Trailing Expenses Carve-Out**

21. At the time of closing, the sum of $278,957 remained available to be advanced under the DIP Loan, but was not advanced for trailing expenses prior to the closing date (the "DIP Loan Availability"). The Debtor proposes that this remaining DIP Loan Availability be deducted from the remaining Sale Proceeds. In accordance with the DIP Loan Documents, the Debtor proposes to set aside $100,000 for future-court approved professional fees from the DIP Loan Availability.

22. The Debtor proposes to set aside the remaining sum of $178,957 from the DIP Loan Availability to be used for trailing expenses incurred by the Debtor through the closing date of July 1, 2026. Such trailing expenses will be included in future cash collateral budgets in this case.

**Wolfspeed Distribution on Secured Claim**

23. The Debtor proposes to distribute the sum of $475,000.00 to Wolfspeed in full satisfaction of its asserted secured claim in the amount of $2,437,095.89, with the balance of the Wolfspeed Claim being treated as a general unsecured claim in this case.

**Balance of Sale Proceeds**

24. The Debtor proposes that the balance of the Sale Proceeds in the amount of $1,179,999.65, following the above-referenced distributions, continue to be held by the Debtor pending further orders of this Court.

25. The Debtor represents that the disbursements requested herein are in the best interests of the Estate. The Debtor also asserts that the proposed compromise of the Wolfspeed secured claim as set forth herein is appropriate and in the best interests of the Estate.

WHEREFORE, the Debtor prays for the Court for an Order granting the following relief:

1. Approving the proposed disbursements as detailed in this Motion; and
2. Granting such other and further relief as the Court may deem just and proper.

Dated: August 10, 2026

**HENDREN, REDWINE & MALONE, PLLC**

s/*Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHARLES & COLVARD, LTD.** | ) | **Case No. 26-00969-5-DMW** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN of the MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SALE PROCEEDS (the "Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that the Motion may be allowed provided no response and request for a hearing is made by a party in interest in writing to the Clerk of this Court within **TWENTY-ONE (21) DAYS** from the date of this notice; and,

FURTHER NOTICE IS HEREBY GIVEN, that if a response and a request for a hearing is filed by a party in interest in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date to be determined by the United States Bankruptcy Court, Raleigh Division, North Carolina. Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and any response thereto *ex parte* without further notice.

DATED: August 10, 2026

**HENDREN, REDWINE & MALONE, PLLC**

s/*Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I, Rebecca F. Redwine, of 4600 Marriott Drive, Suite 150, Raleigh, North Carolina 27612, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day I served copies of the Motion for Order Authorizing Disbursement of Sale Proceeds and Notice of Motion on the parties listed below electronically or by depositing a copy of the same in the United States mail bearing sufficient postage pursuant to the Order Limiting Notice [DE# 62].

I certify under penalty of perjury that the foregoing is true and correct.

This the 10th day of August, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

*/s/ Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

Brian Behr (via CM/ECF)
*Office of the Bankruptcy Administrator*

Laurie Biggs (via CM/ECF)
Counsel for Wear the Passion, Inc.

Jennifer Lyday (via CM/ECF)
Kevin Sink
Patrick Costello
Counsel for Van Lang Jewelry LLC

Rebecca Lindahl (via CM/ECF)
Counsel for Wolfspeed, Inc.

| | |
|---|---|
| Adam Gottsegen<br>Counsel for Ethara Capital LLC | (via CM/ECF) |
| Louis Spencer<br>Counsel for SBP Office Owner, LP | (via CM/ECF) |
| Stuart Wilson-Patton<br>Counsel for TN Dept. of Revenue | (via CM/ECF) |