**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHARLES & COLVARD, LTD.,** | ) | **Case No. 26-00969-5-DMW** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**RESPONSE AND OBJECTION TO MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SALE PROCEEDS**

**NOW COMES,** Van Lang Jewelry LLC ("Van Lang"), by and through its undersigned counsel, and hereby responds and objects to the *Motion for Order Authorizing Disbursement of Sale Proceeds* (the "Disbursement Motion") filed by Charles & Colvard, Ltd. (the "Debtor") on August 10, 2026 [Doc. No. 134], and states as follows:

**JURISDICTION AND BACKGROUND**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On March 2, 2026 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its assets and manages its affairs as debtor-in-possession pursuant to 11 U.S.C. § 1107.

3. On March 18, 2026, the Debtor filed an *Emergency Motion for Approval of Debtor-in-Possession Financing and Approval of Securities Interests, Liens, and Encumbrances to Van Lang Jewelry LLC* [Doc. No. 46]. On April 13, 2026, the Court entered its *Final Order Granting Motion to Obtain Post-Petition Financing* (the "DIP Financing Order") [Doc. No. 69].

4. The DIP Financing Order authorized the Debtor to execute various documents that

consummated Van Lang's commitment to provide post-petition funding to the Debtor in the maximum aggregate amount of $1,000,000.00 (the "DIP Loan Transaction"). As noted by the Court, this funding was "necessary, essential, and appropriate for the continued operation of the Debtor's business, the management and preservation of its assets, and [was] in the best interests of the Debtor, the estate, and creditors." DIP Financing Order, ¶ 18.

5. Pursuant to 11 U.S.C. § 364, the DIP Financing Order also granted Van Lang a first-priority security interest in the Debtor's "Precious Metals", which included the Debtor's finished precious-metal jewelry inventory.

## VAN LANG'S CONTRACTUAL ENTITLEMENT TO FEES

6. In connection with the DIP Loan Transaction, the Debtor and Van Lang executed that certain Promissory Note (the "Note"), Section 364 Financing Loan Agreement (the "Loan Agreement"), and Security Agreement (collectively, the Note, Loan Agreement, and Security Agreement are known as the "DIP Loan Documents").

7. The DIP Loan Documents contemplated that Van Lang would be paid in full for the DIP Loan Transaction, including fees and expenses, upon the sale of substantially all the Debtor's assets. *See* Loan Agreement, ¶¶ 2.5, 2.7.

8. Pertinently, the Loan Agreement stated that "[t]he reasonable and documented fees and out-of-pocket expenses incurred or accrued by the DIP Lender . . . **in connection with any and all aspects of the Borrower's Case** shall be paid by the DIP Borrower from a DIP Facility reserve in the total amount of $100,000.00." Loan Agreement, ¶ 2.7 (emphasis added).

9. The Security Agreement states that the Debtor's obligations to Van Lang included "[a]ll sums advanced or expenses or costs paid or incurred (including, without limitation, reasonable attorneys' fees and other legal expenses) by the Lender pursuant to or in connection

with" the DIP Loan Documents. Security Agreement, ¶ 1(b).

10. In sum, the DIP Loan Documents contemplate that Van Lang would be reimbursed for reasonable attorneys' fees and expenses, up to a maximum amount of $100,000, incurred as part of its role in this case. The DIP Loan Transaction was essential to preserve and maximize the value of the Debtor's estate for the benefit of all the Debtor's creditors.

**EVENTUAL SALE OF THE DEBTOR'S ASSETS**

11. To that end, on April 15, 2026, the Debtor filed a *Motion for Order: (I) Approving Private Sale of Personal Property Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Approving Stalking Horse Bidder; (II) Approving Stalking Horse Break-Up Fee; (IV) Approving Overbid Procedures and Auction; and (V) Scheduling Hearing for Final Approval of Sale of Assets* (the "Stalking Horse Motion") [Doc. No. 71]. As part of the Stalking Horse Motion, and pursuant to the Debtor's request, Van Lang submitted a $1,500,000.00 offer to purchase substantially all the Debtor's operating assets (the "Van Lang Purchase Agreement").

12. The Van Lang Purchase Agreement included a $45,000 fee ("Break-Up Fee"), constituting 3% of the submitted offer, payable by the Debtor to Van Lang if another entity eventually purchased the Debtor's assets.

13. Ultimately, the formulation and submission of the Van Lang Purchase Agreement was essential to Van Lang's ability to recover the funds it lent the Debtor via the DIP Loan Transaction.

14. As of July 31, 2026, Van Lang has accrued $85,894.80 in attorneys' fees and expenses. Additional fees and expenses are expected to be incurred through August and September.

15. On April 29, 2026, the Court entered an Order allowing the Stalking Horse Motion

(the "Stalking Horse Order") [Doc. No. 86]. The Stalking Horse Order also scheduled an auction sale of the Debtor's assets and a final sale hearing.

16. On June 25, 2026, the Court entered its *Final Order: (I) Approving Private Sale of Debtor's Personal Property Free and Clear of Liens, Claims, Encumbrances, and Interests; And (II) Approving Successful Bidder* (the "Final Sale Order"). The Final Sale Order approved the bid of AJS Creations, Inc. for the Debtor's assets, including the Precious Metals, in the amount of $2,700,000.00 (the "Sale Proceeds").

**DEBTOR'S PROPOSED DISTRIBUTION OF SALE PROCEEDS**

17. On August 10, 2026, the Debtor filed the Disbursement Motion. The Disbursement Motion notes that thus far, the Debtor has distributed $728,693.00 of the Sale Proceeds to Van Lang:

A. $45,000 pursuant to the Break-Up Fee.

B. $638,693.00 "in full payment of all amounts owing under the DIP Loan, with the exception of attorneys' fees and expenses in the amount of $82,350.00."

18. The Disbursement Motion proposes to allocate the remaining Sale Proceeds of $1,933,956.65 as follows:

A. $278,957.00 in unused availability pursuant to the DIP Loan Transaction, with $100,000.00 set aside for future professional fees of the Debtor, and $178,957.00 set aside for trailing expenses incurred by the Debtor through July 1, 2026.

B. $475,000.00 to Wolfspeed, Inc. ("Wolfspeed") in satisfaction of Wolfspeed's asserted secured claim against the Debtor. Wolfspeed's claim is secured by all assets of the Debtor, excluding the Precious Metals.

C. $1,179,999.65 to be held by the Debtor pending further orders of the Court.

**VAN LANG'S OBJECTION TO THE PROPOSED DISTRIBUTION**

19. Despite the clear language of the DIP Loan Documents, which provide that Van Lang's fees and expenses "shall" be paid, the Disbursement Motion (while failing to identify any specific points of contention) understates Van Lang's fees and expenses and related interest and seeks to withhold them from immediate distribution.

20. The Disbursement Motion's characterization of these fees and expenses as merely "asserted" is insufficient to justify withholding payment, particularly while simultaneously disbursing funds to other creditors. Van Lang's entitlement to these funds and related interest is not merely "asserted" but established by the plain language of the DIP Loan Documents.

WHEREFORE, Van Lang Jewelry LLC respectfully requests that this Court: (i) deny the Debtor's request to disburse funds in accordance with its *Motion for Order Authorizing Disbursement of Sale Proceeds*; (ii) order the immediate payment to Van Lang Jewelry LLC of its accrued attorneys' fees and expenses as well as the unpaid interest related thereto; (iii) schedule a hearing on the *Motion for Order Authorizing Disbursement of Sale Proceeds*; and (iv) grant such other and further relief to Van Lang Jewelry LLC as the Court deems just and proper.

This the 31st day of August, 2026.

**WALDREP WALL BABCOCK & BAILEY PLLC**

/s/ *Jennifer B. Lyday*
Jennifer B. Lyday
N.C. State Bar No. 39871
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-722-6300
Email: jlyday@waldrepwall.com

*Counsel for Van Lang Jewelry LLC*

# CERTIFICATE OF SERVICE

I, Jennifer B. Lyday, of 370 Knollwood Street, Suite 600, Winston-Salem, NC 27103, hereby certify:

That I am, and at all times hereinafter was, more than eighteen (18) years of age;

That on this day I served copies of the foregoing **RESPONSE AND OBJECTION TO MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF SALE PROCEEDS** electronically pursuant to the *Order Limiting Notice* [Doc. No. 62].

I certify under penalty of perjury that the foregoing is true and correct.

This the 31st day of August, 2026.

**WALDREP WALL BABCOCK & BAILEY PLLC**

/s/ *Jennifer B. Lyday*
Jennifer B. Lyday
N.C. State Bar No. 39871
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-722-6300
Email: jlyday@waldrepwall.com

*Counsel for Van Lang Jewelry LLC*

Brian C. Behr (via CM/ECF)
*Bankruptcy Administrator*

Rebecca Redwine Grow (via CM/ECF)
Jason L. Hendren
Benjamin E.F.B Waller
Lydia C. Carpenter
*Counsel for the Debtor*

Louis G. Spencer (via CM/ECF)
*Counsel for SBP Office Owner, LP*

Rebecca K. Lindahl (via CM/ECF)
*Counsel for Wolfspeed, Inc.*

Laurie B. Biggs (via CM/ECF)
*Counsel for Wear the Passion, Inc.*

Adam Gottsegen (via CM/ECF)
*Counsel for Ethara Capital LLC*

Stuart Wilson-Patton (via CM/ECF)
*Counsel for the Tennessee Department of Revenue*