**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO.: 26-00969-5-DMW** |
| **CHARLES & COLVARD, LTD.** | ) | |
| | ) | **CHAPTER 11** |
| **DEBTOR.** | ) | |

**BANKRUPTCY ADMINISTRATOR'S OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION**

**NOW COMES** the Bankruptcy Administrator for the Eastern District of North Carolina ("BA"), by and through undersigned counsel, who respectfully files this objection to Charles & Colvard LTD.'s (the "Debtor") Plan of Reorganization ("Plan") [DE 141] and Disclosure Statement ("DS") [DE 142], and, in support thereof, shows unto the Court the following:

1. On March 2, 2026, Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2. On March 16, 2026, Debtor filed its schedules and statements ("Schedules") [DE 41].

3. Debtor is a North Carolina business entity.

4. Debtor's primary source of income was derived from income and revenue from its operations as a jewelry company specializing in lab-created gemstones.

5. Debtor attributes its need to file for protection under Chapter 11 of the United States Bankruptcy Code to a series of issues including but not limited to market saturation and inflation.

6. On August 31, 2026, Debtor filed its Plan and DS.

**Adequacy of Disclosure Statement**

7. "When providing creditors with information in connection with a disclosure statement, more is better. A disclosure statement should provide the average unsecured creditor, 'what it is going to get, when it is going to get it, and what contingencies there are to getting its

distribution.'" *In re Radco Properties, Inc.*, 402 B.R. 666, 683 (Bankr. E.D.N.C. 2009).

8. The Plan contemplates a reorganization of Debtor's debts, and Debtor proposes to make Plan payments from "cash on hand, from Litigation Proceeds, and from the net proceeds from the sale, liquidation, or other disposition of the Remaining Assets (including the litigation of Retained Causes of Action)." [DS, Section V, Para. A]

9. The Plan further provides "[o]n the Effective Date, and in accordance with the Confirmation Order, the Estate's title to all the Assets shall automatically pass to the Litigation Trust, free and clear of all Claims and Equity Interests in accordance with Section 1141 of the Bankruptcy Code." [DS, Section V, Para. B]

10. Debtor's Schedules list only one potential cause of action, which is of unknown value to Debtor's estate:

| | | | |
|---|---|---|---|
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | | |
| | **Potential causes of action regarding fiduciary breaches** | | **Unknown** |
| | **Nature of claim** | | |
| | **Amount requested** | **$0.00** | |

11. "When providing creditors with information in connection with a disclosure statement, more is better. A disclosure statement should provide the average unsecured creditor, 'what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.'" *In re Radco Properties, Inc.*, 402 B.R. 666, 683 (Bankr. E.D.N.C. 2009).

12. The BA believes the Plan and DS lack certain information necessary to provide the average unsecured creditor with a clear indication of "what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."

13. At the Confirmation Hearing, the Debtor should be prepared to explain what litigation, if any, will be pursued by the proposed Litigation Trustee.

**Treatment of Administrative and Priority Tax Claims**

14. There appears to be a typographical error in Debtor's Plan: Treatment of Administrative and Priority Tax Claims, Paragraph (a) Administrative Claims wherein the Plan states that claims must be filed within "THIRTY DAYS (60)." Debtor should clarify if claims must be filed within thirty (30) or sixty (60) days.

**Good Faith Requirement Under 11 U.S.C § 1129(a)(3)**

15. Section 1129(a)(3) requires that the Debtor's Plan "has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). Courts have generally held that a plan is proposed in good faith where it "fairly achieve[s] a result consistent with the objectives and purposes of the Bankruptcy Code." *In re Kaiser Gypsum Company, Inc.*, 135 F.4th 185, 194 (4th Cir. 2025) (quoting *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 158 (3d Cir. 2012)). In evaluating whether a plan is consistent with those objectives and purposes, courts must consider the totality of the circumstances. *Id.*; *In re Radco Properties, Inc.*, 402 B.R. at 673 (citing *In re Piece Goods Shops*, 188 B.R. 778, 790 (Bankr. M.D.N.C. 1995)). "[W]hen construing this element of the good faith requirement of § 1129(a)(3), courts assess whether a debtor can commit more than proposed under his particular plan, based on his total financial scenario." *In re Osborne*, Case No. 12-00230-8-SWH, 2013 WL 2385136, at *5 (Bankr. E.D.N.C. May 20, 2013). A "[f]ailure to provide substantial repayment is certainly evidence that a debtor is attempting to manipulate the statute rather than attempting honestly to repay his debts." *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982) (analyzing the good faith standard in Chapter 13).

16. The Debtor's Plan includes as Exhibit C a Liquidation Analysis ("Liquidation Analysis"). Debtor's Liquidation Analysis includes that there are remaining Sale Proceeds of $2,016,306.65, with an equitable value (less liens held by VLJ and Wolfspeed, Inc.) of $1,458,965.65. Debtor's Liquidation Analysis also demonstrates that Debtor currently holds funds

and anticipates other funds on hand via its various bank accounts and "Anticipated Refunds." [DS, Exhibit C].

17. Debtor's Liquidation Analysis demonstrates that the total amount of Net Equity Available to Unsecured Creditors in a Chapter 7 would be $643,435.80. [DS, Exhibit C].

18. Debtor's Plan provides that Class VI – General Unsecured Claims shall receive:

> [P]ro-rata distributions from the net proceeds of the GUC Litigation Trust Assets, after payment to creditors in all senior classes in accordance with the various treatments set forth herein.

19. Debtor's Plan nor DS demonstrate any anticipated waterfall distribution of the Liquidation Proceeds to other creditor classes; thereby, it is difficult to discern what amount may be available for Class VI. However, it is plausible that based on the amount of the Liquidation Proceeds, less the Liabilities included on Debtor's Exhibit "B" Liabilities chart, that at least some funds would remain available for payments to Class VI.

20. Debtor should be prepared to discuss why its proposed payment to Class VI is limited to GUC Litigation Trust Assets, when Debtor's DS included as a means of implementation that payments would be made from a wider variety of sources available to Debtor, specifically: "cash on hand, from Litigation Proceeds, and from the net proceeds from the sale, liquidation, or other disposition of the Remaining Assets (including the litigation of Retained Causes of Action)." [DS, Section V, Para. A]

21. Debtor should also be prepared to explain the necessity of some of its Cost of Administration categories including its Trailing Expenses of $200,000.00 and General Administration of $250,000.00.

22. Debtor is current on filing its monthly operating reports and paying its quarterly fees as of the date of this response.

23. The BA reserves the right to further respond to Debtor's Plan and DS prior to the date set for Confirmation.

**WHEREFORE**, the Bankruptcy Administrator respectfully requests that confirmation of Debtor's Plan be denied until the issues raised herein may be resolved; and, that the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of October 2026.

Brian C. Behr
U.S. Bankruptcy Administrator – EDNC

By: /s/ Linda B. Green
Linda B. Green
Staff Attorney
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
State Bar No. 54265
(919) 334-3890
Linda_Green@nceba.uscourts.gov

**CERTIFICATE OF SERVICE**

I, Linda Green, of 434 Fayetteville Street, Suite 640, Raleigh, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was more than eighteen (18) years of age;

That on this day, I served copies of the foregoing document electronically upon counsel of record.

Lydia C. Carpenter *(via CM/ECF)*
Jason L. Hendren
Rebecca Redwine Grow
Benjamin E.F.B. Waller
*Attorneys for the Debtor*

I certify under penalty of perjury that the foregoing is true and correct.

Dated this the 15TH day of October, 2026.

By: /s/ Linda B. Green
Linda B. Green
Staff Attorney
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
State Bar No. 54265
(919) 334-3890
Linda_Green@nceba.uscourts.gov