**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHARLES & COLVARD, LTD.** | ) | **Case No. 26-00969-5-DMW** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**DEBTOR'S MODIFICATION TO PLAN OF REORGANIZATION**

**COMES NOW** Charles & Colvard, Ltd., the Debtor in the above-referenced case (the "Debtor"), and modifies its Plan of Reorganization filed on August 31, 2026 [DE# 141] pursuant to 11 U.S.C. § 1127(a) prior to confirmation as follows:

1. The definition of "Disbursing Agent" is hereby modified to read as follows:

   "DISBURSING AGENT" shall mean John C. Bircher III or that person selected by the Court who shall perform the duties and have the rights and obligations described herein.

2. The definition of "GUC Litigation Trust Assets" is hereby modified to read as follows:

   "GUC LITIGATION TRUST ASSETS" shall mean all assets and other corpus of the Litigation Trust Estate available for distribution to holders of Allowed General Unsecured Claims (Class VI) after payment of all other amounts required by this Plan, including, but not limited to (i) payments to holders of Allowed unclassified Claims, Allowed Priority non-tax Claims (Class I), Allowed Secured Claims (including, to the extent Allowed, the Wolfspeed Claim and the Secured Claims of any other lienholders); (ii) all required statutory fees; and (iii) all costs and expenses of administration of the Litigation Trust, including all Post-Effective Date Expenses.

3. In **Section III. Treatment of Administrative and Priority Tax Claims**, the first sentence of the second paragraph is hereby modified to read as follows:

   EXCEPT FOR COURT-APPROVED PROFESSIONALS, ALL OTHER ADMINISTRTIVE CLAIMS AGAINST THE ESTATE MUST BE FILED WITHIN SIXTY (60) DAYS OF THE DATE OF THE CONFIRMATION ORDER.

4. In **Section VI. Means for Implementation and Execution**, the second sentence in subsection **A. Overview** is hereby modified to read as follows:

> The Litigation Trustee shall make payments under the Plan from cash on hand, from Litigation Proceeds, and from the net proceeds from the sale, liquidation, or other disposition of the Remaining Assets (including the litigation of Retained Causes of Action).

5. In **Section VI. Means for Implementation and Execution**, the second paragraph in subsection **B. Establishment of Litigation Trust; Appointment of Litigation Trustee** is hereby modified to read as follows:

> On the Effective Date, and in accordance with the Confirmation Order, the Estate's title to all the Remaining Assets shall automatically pass to the Litigation Trust, free and clear of all Claims and Equity Interests in accordance with Section 1141 of the Bankruptcy Code. Notwithstanding the foregoing, the Debtor reserves the right to modify the Plan to exclude certain assets from transfer to the Litigation Trust. The Confirmation Order shall constitute a determination that the transfers of the Remaining Assets to the Litigation Trust are legal and valid and consistent with the laws of the State of North Carolina.

6. In **Section VI. Means for Implementation and Execution**, the third paragraph in subsection **B. Establishment of Litigation Trust; Appointment of Litigation Trustee** is hereby modified to read as follows:

> All parties shall execute any documents or other instruments as necessary to cause title to the applicable Remaining Assets to be transferred to the Litigation Trust. The Remaining Assets will be held in trust for the benefit of all holders of Allowed Claims pursuant to the terms of the Plan and the Litigation Trust Agreement.

7. In **Section VI. Means for Implementation and Execution**, the last paragraph in subsection **B. Establishment of Litigation Trust; Appointment of Litigation Trustee** is hereby modified to read as follows:

> **This Plan shall be interpreted so as to afford, for the benefit of all holders of Allowed Claims, the greatest opportunity for maximum recovery by the Litigation Trustee on the Remaining Assets, Chapter 5 Actions, D&O Claims, and rights in and to proceeds of any insurance policies. The proceeds of all Causes of Action will potentially increase recoveries to Creditors herein**.

8. In **Section VI. Means for Implementation and Execution**, paragraph **C. Income Tax Status of Litigation Trust** is hereby modified to read as follows:

For federal income tax purposes, all parties (including, without limitation, the Debtor, the Litigation Trustee, and the Beneficiaries of the Litigation Trust Estate) shall treat the Litigation Trust as a liquidating trust within the meaning of Treasury Income Tax Regulation section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124. For federal income tax purposes, the transfer of Remaining Assets to the Litigation Trust under the Plan shall be treated as a deemed transfer to the Beneficiaries of the Litigation Trust Estate in satisfaction of their Claims followed by a deemed transfer of the Remaining Assets by the Beneficiaries to the Litigation Trust. For federal income tax purposes, the Beneficiaries will be deemed to be the grantors and owners of the Litigation Trust and its assets. For federal income tax purposes, the Litigation Trust will be taxed as a grantor trust within the meaning of Internal Revenue Code ("IRC") sections 671-677 (a non-taxable passthrough tax entity) owned by the Beneficiaries. The Litigation Trust will file federal income tax returns as a grantor trust under IRC section 671 and Treasury Income Tax Regulation section 1.671-4 and report, but not pay tax on, the Litigation Trust's tax items of income, gain, loss deductions, and credits ("Tax Items"). The Beneficiaries will report such Tax Items on their federal income tax returns and pay any resulting federal income tax liability. All parties will use consistent valuations of the Remaining Assets transferred to the Litigation Trust for all federal income tax purposes. The Remaining Assets shall be valued based on the Litigation Trustee's good faith determination of their fair market value.

9. In **Section VI. Means for Implementation and Execution**, paragraph **D. Powers and Authority of the Litigation Trustee** is hereby modified to read as follows:

The powers of the Litigation Trustee are set forth in full in the Litigation Trust Agreement and shall include, among other things: (a) the power to sell, lease, license, abandon, or otherwise dispose of all Remaining Assets of the Litigation Trust Estate subject to the terms of this Plan; (b) the power to effect distributions under this Plan to the holders of Allowed Claims; (c) the authority to pay all costs and expenses of administering the Litigation Trust Estate after the Effective Date (including the Post-Effective Date Expenses), including the power to employ and compensate persons or professionals to assist the Litigation Trustee in carrying out any of his duties hereunder, and to obtain and pay premiums for insurance and any other powers necessary or incidental thereto; (d) the power to implement this Plan including any other powers necessary or incidental thereto; (e) the authority to prosecute all Causes of Action on behalf of the Debtor and the Litigation Trust Estate, including Chapter 5 Actions and D&O Claims; (f) the authority to settle Claims, applicable Causes of Action, or disputes as to amounts owing to the Estate in his sole discretion; (g) the authority to participate in any post-Effective Date motions to amend or modify this Plan or the Litigation Trust Agreement, or appeals from the Confirmation Order; (h) the authority to participate in actions to enforce or interpret this Plan; (i) the authority to manage the Litigation Trust Estate; and (j) the power to bind the Litigation Trust. Each of the foregoing powers may be exercised by the Litigation Trustee without further order of the Bankruptcy Court. Notwithstanding any of the foregoing, the Litigation Trustee may not materially amend or alter the terms and provisions of this Plan.

10. In **Section VI. Means for Implementation and Execution**, paragraph **E. Funding of the Litigation Trust** is hereby modified to read as follows:

> The funding of the Litigation Trust for the payments to be made to holders of Allowed Claims under the Plan and the payment of Post-Effective Date Expenses will be from (i) the Litigation Trust Expense Reserve, (ii) the Debtor's cash on hand as of the Effective Date, which will be transferred to the Litigation Trust as of the Effective Date and proceeds from any investment of such cash, and (iii) the proceeds of the liquidation of the Remaining Assets, including, without limitation, any claims or Causes of Action.

11. In **Section VI. Means for Implementation and Execution**, paragraph **I. Litigation Trustee as Successor in Interest to the Debtor** is hereby modified to read as follows:

> The Litigation Trustee is the successor in interest to the Debtor, and thus, after the Effective Date, to the extent this Plan requires an action by the Debtor, the action shall be taken by the Litigation Trustee. For federal and applicable state income tax purposes, all parties (including, without limitation, the Debtor, the Litigation Trustee, and the Beneficiaries of the Litigation Trust Estate) shall treat the transfer of the Remaining Assets to the Litigation Trust as a sale by the Debtor of such Remaining Assets to the Litigation Trust Estate at a selling price equal to the fair market value of such Remaining Assets on the Effective Date. The Litigation Trust shall be treated as the owner of all Remaining Assets that it holds.

12. In **Section VI. Means for Implementation and Execution**, the first paragraph in subsection **J. Termination of the Litigation Trust Estate** is hereby modified to read as follows:

> The existence of the Litigation Trust and the authority of the Litigation Trustee will commence as of the Effective Date and will remain and continue in full force and effect until the earlier of (a) the date on which all of the Remaining Assets are liquidated in accordance with the Plan, the funds in the Litigation Trust have been completely distributed in accordance with the Plan, all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities and the Order closing the Chapter 11 Case is a Final Order; or (b) seven (7) years after the date of creation of the Litigation Trust, unless extended by the Bankruptcy Court as provided in the Litigation Trust Agreement.

13. In **Section VI. Means for Implementation and Execution**, paragraph **O. Injunction** is hereby modified to read as follows:

> From and after the Confirmation Date, in accordance with Section 1141 of the Bankruptcy Code, all holders of "Claims" (including, without limitation, Secured Claims, Priority Claims, General Unsecured Claims, and Claims on account of asserted Interests) against the Debtor and the Debtor in Possession are permanently restrained and enjoined (a) from commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim against the Debtor (or Litigation Trustee, as appropriate), its officers, directors, employees, and agents, (b) from enforcing, attaching, collecting, or recovering by any manner or means, any judgment, award, decree, or order against the Purchaser, the Debtor (or Litigation Trustee, as appropriate) and its officers, directors, employees, and agents, or the Remaining Assets, (c) from creating, perfecting, or enforcing any encumbrance of any kind

against the Debtor (or Litigation Trustee, as appropriate) and its officers, directors, employees, and agents, or the Remaining Assets, (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtor, and (e) from performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; provided, however, that each holder of a contested Claim may continue to prosecute its proof of Claim in accordance with the Plan and all holders of Clams shall be entitled to enforce their rights under the Plan.

14. In **Section XIV. Retention of Jurisdiction**, a new paragraph 12 is added as follows:

12. to determine all matters, issues, controversies, suits, and disputes arising under or in connection with the Litigation Trust and/or the Litigation Trust Agreement.

Respectfully submitted this the 19th day of October, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

*/s/ Rebecca Redwine Grow*
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I, Rebecca F. Redwine, of 4600 Marriott Drive, Suite 150, Raleigh, North Carolina 27612, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day I served copies of the foregoing document on the parties listed below, either electronically or by depositing a copy of the same in the United States mail bearing sufficient postage.

I certify under penalty of perjury that the foregoing is true and correct.

This the 19th day of October, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

*/s/ Rebecca Redwine Grow*

Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

Brian Behr **(via CM/ECF)**
*Office of the Bankruptcy Administrator*

Charles & Colvard, Ltd.
170 Southport Drive
Morrisville, NC 27560