**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHARLES & COLVARD, LTD.** | ) | **Case No. 26-00969-5-DMW** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**DEBTOR'S SECOND SUPPLEMENT TO PLAN OF REORGANIZATION**

NOW COMES Charles & Colvard, Ltd., the Debtor in the above-referenced case ("Debtor") and supplements its Plan of Reorganization filed on August 31, 2026 with the revised Litigation Trust Agreement attached hereto as **Exhibit "A"**.

Respectfully submitted, this the 20th day of October, 2026.

**HENDREN, REDWINE & MALONE, PLLC**

s/ Rebecca Redwine Grow
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I, Rebecca Redwine Grow, of 4600 Marriott Drive, Suite 150, Raleigh, NC 27612, certify:

That I am, and at all times hereinafter mentioned, was, more than eighteen (18) years of age;

That on this day I served copies of the **DEBTOR'S SECOND SUPPLEMENT TO PLAN OF REORGANIZATION** on the parties listed below as indicated.

I certify under penalty of perjury that the foregoing is true and correct.

**DATED:** October 20, 2026

**HENDREN, REDWINE & MALONE, PLLC**

s/ Rebecca Redwine Grow
Jason L. Hendren (NC State Bar No. 26869)
Rebecca Redwine Grow (NC State Bar No. 37012)
Benjamin E.F.B. Waller (NC State Bar No. 27680)
Lydia C. Carpenter (NC State Bar No. 56697)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1422
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com
lcarpenter@hendrenmalone.com
*Counsel for the Debtor*

Brian C. Behr ***(via CM/ECF)***
*Office of the Bankruptcy Administrator*

EXHIBIT A

# LITIGATION TRUST AGREEMENT

This Litigation Trust Agreement ("Litigation Trust Agreement" or "Agreement"), dated as of October___, 2026, by and between Charles & Colvard, Ltd. (the "Debtor"), and John C. Bircher, III not individually but solely in his capacity as trustee hereunder ("Litigation Trustee"), is hereby being executed to facilitate the implementation of the Chapter 11 Plan (as amended, modified, or supplemented, the "Plan") for the Debtor, which provides for the establishment of the Litigation Trust (as defined below) created by this Litigation Trust Agreement and the administration and disposition of the Litigation Trust Assets (as defined below), all for the benefit of the holders of certain Claims[1] as set forth in the Plan. The Litigation Trustee's powers and duties are as set forth herein.

WHEREAS, on March 2, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of North Carolina (the "Bankruptcy Court");

WHEREAS, on August 31, 2026, pursuant to Section 1121 of the Bankruptcy Code, the Debtor filed the Plan;

WHEREAS, on October __, 2026, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order");

WHEREAS, the Plan will become effective on the Effective Date;

WHEREAS, John C. Bircher III is hereby being appointed Litigation Trustee;

WHEREAS, the Plan provides, inter alia, for:

(a) the transfer to the Litigation Trust, (i) on the Effective Date, of the Estate's right, title, and interest in all of the Assets free and clear of all Claims and equity interests in accordance with Section 1141 of the Bankruptcy Code (the "Effective Date Trust Assets"), and (ii) after the Effective Date, (x) upon the entry of a final judgment or settlement from time to time, the relevant proceeds of the Chapter 5 Actions, D&O Claims and any related Insurance Policies and (y) such additional or different corpus as the Litigation Trustee may from time to time acquire and hold in trust pursuant to this Agreement (together with the Effective Date Trust Assets, the "Litigation Trust Assets");

(b) the distribution of the Litigation Trust Assets and/or their proceeds, in accordance with the terms of the Plan, including for the benefit of the holders of Allowed General Unsecured Claims, on whose behalf such distribution may be made in accordance with the terms of the Plan (collectively with all other Holders of Allowed Claims entitled to

[1] Unless otherwise defined, all capitalized terms contained in this Litigation Trust Agreement have the meanings ascribed to them in the Plan. To the extent that a definition of a term in the text of this Litigation Trust Agreement and the definition of such term in the Plan are inconsistent, the definition in the Plan shall control.

receive distributions from the Litigation Trust under the terms of the Plan, the "Beneficiaries," provided, however, that to the extent any Claim is not an Allowed Claim, the Holder of such Claim shall not be deemed a Beneficiary hereunder);

(c) the federal income tax treatment (i) of the Beneficiaries as the grantors of the Litigation Trust and the owners of the Litigation Trust Assets and (ii) of the transfer of the Litigation Trust Assets to the Litigation Trust as a deemed transfer from the Debtor to the Beneficiaries followed by a deemed transfer by the Beneficiaries to the Litigation Trust;

(d) the establishment of (i) the Distribution Reserve, from which payments may be made to a Holder of a Disputed Claim if and when such Claim becomes an Allowed Claim, or otherwise paid in accordance with the Plan and section 5.4(b) hereof; and (ii) the Litigation Trust Expense Reserve sufficient to pay the Post-Effective Date Expenses of the Litigation Trust (including compensation to the Litigation Trustee and his professionals);

(e) the payment of Allowed Administrative Expense Claims and Allowed Priority Claims, including professional compensation and reimbursement claims, and distributions on account of Claims that were Disputed Claims or not otherwise allowed as of the Effective Date, if and when such Claims become Allowed Claims; and

(f) the administration of the Litigation Trust and the Litigation Trust Assets by the Litigation Trustee for the purposes and in the manner set forth in this Litigation Trust Agreement subject to the Plan; and

WHEREAS, the Litigation Trust is intended to be treated as a Litigation trust pursuant to Treasury Regulations, Sec. 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124, and as a grantor trust subject to the provisions of Subtitle A, Chapter 1, Subchapter J, Part 1, Subpart E of the Tax Code (hereinafter defined) owned by the Beneficiaries as grantors;

NOW, THEREFORE, pursuant to the Plan and in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I

## DECLARATION OF TRUST

**1.1 Purpose of the Litigation Trust.** The Debtor and the Litigation Trustee, pursuant to the Plan and the Confirmation Order, and in accordance with the Bankruptcy Code, applicable tax statutes, rules, and regulations, to the extent incorporated in this Agreement, hereby constitute and create a trust (the "Litigation Trust") for the purpose of winding down certain affairs of the

Debtor and liquidating the Litigation Trust Assets for the benefit of the Beneficiaries. In particular, the Litigation Trust, through the Litigation Trustee, shall (i) pending the reduction to Cash of the Litigation Trust Assets (and any non-Cash proceeds thereof), manage, collect and obtain proceeds from the Litigation Trust Assets, with the goal of reducing the Litigation Trust Assets (and any non-Cash proceeds thereof) to Cash; (ii) make distributions pursuant to this Agreement, the Plan, and the Confirmation Order; and (iii) take such steps as are reasonably necessary to accomplish such purposes, all as more fully provided in, and subject to the terms and provisions of, the Plan, the Confirmation Order, and this Agreement. The Litigation Trust shall not have authority to engage in a trade or business, and no portions of the Litigation Trust Assets shall be used in the conduct of a trade or business, except as is reasonably necessary for the prompt and orderly collection and reduction to Cash of the Litigation Trust Assets (and any non-Cash proceeds thereof), with the goal of maximizing such assets for the benefit of the Beneficiaries.

**1.2 Name of the Litigation Trust.** The Litigation Trust established hereby shall be known as the "Charles & Colvard Litigation Trust." In connection with the exercise of its powers, the Litigation Trustee may use such name or such variation thereof as he sees fit and may transact the business and affairs of the Litigation Trust in any such name.

**1.3 Transfer of Assets to Create Litigation Trust.** Pursuant to the Plan and the Confirmation Order, the Debtor and the Estate hereby irrevocably grant, release, assign, transfer, convey, and deliver to the Litigation Trustee: (i) as of the Effective Date, the Effective Date Trust Assets; and (ii) from time to time after the Effective Date, (x) upon the entry of a final judgment or settlement from time to time, the relevant proceeds of the Chapter 5 Actions, D&O Claims, and any related Insurance Policies and (y) such additional or different corpus as the Litigation Trustee may from time to time acquire and hold in trust pursuant to this Litigation Trust Agreement, to have and to hold by the Litigation Trustee and his successors in trust and to be applied as specified in the Plan and this Agreement. Upon the transfer of each Litigation Trust Asset to the Litigation Trust, the Debtor shall retain no interest in such Litigation Trust Asset. On the Effective Date and from time to time thereafter, the Debtor shall execute and deliver or cause to be executed and delivered to or upon the direction of the Litigation Trustee any and all such documents, in recordable form where necessary or appropriate, and the Debtor shall take or cause to be taken such further or other action, as the Litigation Trustee may reasonably deem appropriate, to vest or perfect in or confirm to the Litigation Trustee, title to and possession of all of the Litigation Trust Assets. In connection herewith, the Litigation Trustee shall be responsible for establishing and maintaining such accounts as the Litigation Trustee shall deem necessary or appropriate to carry out the provisions of this Litigation Trust Agreement, and to perform all obligations specified for the Litigation Trustee under the Plan, the Confirmation Order, and this Litigation Trust Agreement.

**1.4 Acceptance by Litigation Trustee.** The Litigation Trustee hereby accepts: (i) the appointment to serve as Litigation Trustee; (ii) the transfer of the Litigation Trust Assets on behalf of the Litigation Trust; and (iii) the trust imposed on him by this Litigation Trust Agreement. The Litigation Trustee agrees to receive, hold, administer, and distribute the Litigation Trust Assets and the income or other proceeds derived therefrom, if any, pursuant to the terms of the Plan, the Confirmation Order, and this Agreement. The Litigation Trustee agrees to perform all activities

reasonably necessary to ensure the transfer of the Litigation Trust Assets to the Litigation Trustee on behalf of the Litigation Trust.

## ARTICLE 2

## LITIGATION TRUSTEE - GENERALLY

**2.1 Appointment.** The initial Litigation Trustee shall be John C. Bircher III.

**2.2 Term of Service**. The Litigation Trustee shall serve until (i) the termination of the Litigation Trust in accordance with article 9 of this Agreement, or (ii) the Litigation Trustee's resignation, death, or removal, all in accordance with the provisions hereof.

**2.3 Services**. The Litigation Trustee shall be entitled to engage in such other activities as he deems appropriate that are not in conflict with the Plan, the Confirmation Order, this Agreement, the Litigation Trust, or the interests of the Beneficiaries resulting from this Agreement. The Litigation Trustee shall devote such time as is necessary to fulfill all his duties as Litigation Trustee. The Trustee shall be responsible for all reporting of the Debtor, upon the Effective Date of the Confirmed Plan, including filing post-confirmation reports with the Court.

**2.4 Resignation, Death, or Removal of Litigation Trustee.** The Litigation Trustee may resign at any time upon ninety (90) days' written notice to the Post-Effective Date Notice List, the Bankruptcy Administrator, and the Bankruptcy Court. Such resignation may become effective prior to the expiration of such ninety (90) day notice period upon the appointment of a permanent or interim successor Litigation Trustee. The Litigation Trustee may be removed by the Bankruptcy Court upon application for good cause shown, which application may be brought by any party in interest. In the event that the Litigation Trustee position becomes vacant, the vacancy shall be filled by the Bankruptcy Court upon submissions from any interested party or parties. Upon appointment pursuant to this section 2.4, and upon the execution of an instrument accepting the appointment and delivering said acceptance instrument to the Bankruptcy Court, the successor Litigation Trustee, without any further act, shall become fully vested with all the rights, powers, duties, and obligations of his, her, or its predecessor.

**2.5 Trust Continuance.** The death, resignation, or removal of the Litigation Trustee shall not terminate the Litigation Trust or revoke any existing agency (other than any agency of such Litigation Trustee as a Litigation Trustee) created pursuant to this Litigation Trust Agreement or invalidate any action theretofore taken by the Litigation Trustee, and the successor Litigation Trustee agrees that the provisions of this Litigation Trust Agreement shall be binding upon and inure to the benefit of the successor Litigation Trustee and all his heirs and legal and personal representatives, successors or assigns.

**2.6 Compensation and Expenses of Litigation Trustee.** The Litigation Trustee shall be entitled to receive reimbursement of reasonable, actual, and necessary costs, fees (including attorneys' fees), and expenses incurred by the Litigation Trustee in connection with the performance of his duties hereunder, and compensation in accordance with the market rates generally charged by the Litigation Trustee for his services. The Litigation Trustee's current billing rate for the services to be rendered hereunder is $375 per hour. In the normal course of business,

the Litigation Trustee revises his hourly rates on or about January 1 of each year. The Litigation Trustee shall provide notice of any such hourly rate change to the Post-Effective Date Notice List, the Bankruptcy Administrator, and the Bankruptcy Court.

**2.7 Retention of Professionals.** The Litigation Trustee may retain and engage such attorneys, accountants, and other professionals and persons as may be necessary to carry out his duties under this Agreement, including any law or accounting firm of which the Litigation Trustee is a partner or otherwise affiliated from time to time. The fees and expenses of all such professionals shall be borne exclusively by the Litigation Trust, and such professionals may be compensated monthly upon submission of invoices to the Litigation Trustee without review or approval of the Bankruptcy Court or any other party. All fees and expenses of administration of the Litigation Trust Estate, including pursuant to this section 2.7, shall be paid from the Litigation Trust Expense Reserve.

**2.8 Court Approval for Payment.** The foregoing sections 2.6 and 2.7 notwithstanding, the Litigation Trustee or any professional may, but shall have no obligation to, seek Bankruptcy Court authorization from time to time before the payment of any fees to the Litigation Trustee or professionals.

## ARTICLE 3

## POWERS AND LIMITATIONS OF LITIGATION TRUSTEE

**3.1 General Powers of Litigation Trustee.** In connection with the administration of the Litigation Trust, except as otherwise set forth herein, the Litigation Trustee is authorized to perform only those acts necessary or desirable to accomplish the purposes of the Litigation Trust. The Litigation Trust shall succeed to all the rights of the Debtor necessary to protect, conserve, and liquidate the Effective Date Trust Assets and other Litigation Trust Assets as quickly as reasonably practicable consistent with the purposes of the Litigation Trust. Subject to the limitations set forth in this Agreement, the Plan, and the Confirmation Order, and in addition to any powers and authority conferred by law, by the Plan, and the Confirmation Order, or by any other section or provision of this Agreement, the Litigation Trustee may exercise all powers granted him hereunder related to, or in connection with, the administration and liquidation of Litigation Trust Assets and distribution of Cash and other net proceeds derived therefrom in accordance with this Agreement, the Plan, and the Confirmation Order. Without limiting but subject to the foregoing, the Litigation Trustee shall be expressly authorized to:

(a) collect, sell, lease, license, abandon, or otherwise dispose of all assets of the Litigation Trust Estate subject to the terms of the Plan;

(b) effect distributions under the Plan to the Holders of Allowed Claims;

(c) pay all costs and expenses of administering the Litigation Trust Estate after the Effective Date (including the Post-Effective Date Expenses) and other powers necessary or incident thereto, including, without limitation, the power to employ and compensate Persons to assist the Litigation Trustee in carrying out the duties hereunder (including appropriate compensation to the current members of the board of directors) and under the

Plan, obtain and pay premiums for insurance, and pay any statutory fees owed to the Bankruptcy Court, the Bankruptcy Administrator, or to any other Person or Entity;

(d) implement the Plan including any other powers necessary or incidental thereto;

(e) prosecute objections to Claims and prosecute Chapter 5 Actions and relevant Causes of Action;

(f) investigate the viability and prosecute (and settle if appropriate) Chapter 5 Actions and other Causes of Action or Claims owing to the Estate;

(g) seek an estimation of contingent or unliquidated Claims pursuant to 11 U.S.C. 502(c);

(h) participate in any post-Effective Date motions to amend or modify the Plan or this Litigation Trust Agreement, or appeals from the Confirmation Order;

(i) participate in actions to enforce or interpret the Plan;

(j) bind the Litigation Trust;

(k) open and maintain bank accounts on behalf of or in the name of the Litigation Trust, calculate and make distributions, and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves, in the name of the Litigation Trust;

(l) receive, conserve, and manage the Litigation Trust Assets;

(m) if the Litigation Trustee determines that any of the Beneficiaries or the Litigation Trust may, will, or has become subject to adverse tax consequences, take such actions that the Litigation Trustee, in his reasonable discretion, determines are intended to alleviate such adverse tax consequences, including, without limitation, dividing the Litigation Trust Assets into several trusts or other structures;

(n) file, if necessary, any and all tax and information returns of the Litigation Trust;

(o) hold legal title to any and all Litigation Trust Assets;

(p) establish, fund, and administer the Distribution Reserve and the Litigation Trust Expense Reserve in accordance with and pursuant to the Plan, the Confirmation Order, and this Agreement;

(q) enter into contracts and other business arrangements;

(r) represent the Litigation Trust before governmental and other regulatory bodies;

(s) remove Litigation Trust Assets or the situs of administration of the Litigation Trust from one jurisdiction to another at any time or from time to time;

(t) make decisions regarding the retention or engagement of professionals, employees, and consultants by the Litigation Trust and pay, from the Litigation Trust

Expense Reserve or otherwise, the fees and charges incurred by the Litigation Trust on or after the Effective Date, including for fees of professionals, disbursements, expenses, or related support services relating to the implementation of the Plan and this Agreement, without application to the Bankruptcy Court, except as set forth herein;

(u) pay all lawful expenses, debts, charges, and liabilities of the Litigation Trust;

(v) withhold from the amount distributable to any Person such amount as may be sufficient to pay any tax or other charge that the Litigation Trustee has determined, in his sole discretion, may be required to be withheld therefrom under the income tax laws of the United States or of any state or political subdivision thereof; and in the exercise of his discretion and judgment, the Litigation Trustee may enter into agreements with taxing or other governmental authorities for the payment of such amounts as may be withheld in accordance with the provisions of this section;

(w) enter into any agreement or execute any document required by or consistent with the Plan, the Confirmation Order, or this Agreement and the purposes of the Litigation Trust, and perform all obligations under all the foregoing;

(x) abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization of his choice, any assets if he concludes that they are of no benefit to the Litigation Trust;

(y) if any performance under this Agreement by the Litigation Trustee is subject to the laws of any state or other jurisdiction in which the Litigation Trustee is not qualified to act as trustee, nominate and appoint a Person duly qualified to act as trustee in such state or jurisdiction and require from each such trustee that security as designated by the Litigation Trustee; confer upon such trustee any and all of the rights, powers, privileges, and duties of Litigation Trustee, subject to the conditions and limitations of this Agreement and applicable law; require such trustee to be answerable to the Litigation Trustee for all monies, assets, and other property that may be received in connection with the administration of all property; and remove such trustee, with or without cause, and appoint a successor trustee at any time by the execution by the Litigation Trustee of a written instrument declaring such trustee removed from office, and specifying the effective date and time of removal;

(z) invest Cash as deemed appropriate by the Litigation Trustee in Cash equivalents; provided, however, that the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a "Litigation trust," within the meaning of Treasury Regulation Section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements, or otherwise;

(aa) hold title to any investment in his name as Litigation Trustee or in a nominee's name;

(bb) collect amounts due, and exercise and enforce all voting and other rights (including, without limitation, any foreclosure or similar rights), under or attendant to any notes, accounts receivable, general partnership interests, limited partnership interests, stock holdings, settlement agreements, insurance policies or agreements, or other contracts or contract rights, or other assets comprising Litigation Trust Assets, or proceeds thereof;

(cc) sue and be sued, and to participate in any proceeding with respect to any matter regarding or relating to this Litigation Trust Agreement, the Confirmation Order, Claims, or the Litigation Trust;

(dd) delegate any or all the discretionary power and authority herein conferred at any time with respect to any portion of the Litigation Trust Assets or other powers enumerated herein to any one or more reputable individuals or recognized institutional advisors or investment managers or consultants without any liability for any action taken or omission made because of such delegation, except for liability specifically provided for in this Litigation Trust Agreement; and

(ee) take all other actions consistent with the provisions of this Agreement, the Plan, and the Confirmation Order that the Litigation Trustee deems reasonably necessary or desirable to administer the Litigation Trust.

**3.2 Limitations on the Litigation Trustee.** Anything in this Litigation Trust Agreement to the contrary notwithstanding, the Litigation Trustee shall not do or undertake any of the following:

(a) take any action in contravention of the Plan, the Confirmation Order, or this Agreement;

(b) take any action that would significantly jeopardize treatment of the Litigation Trust as a "Litigation trust" for federal income tax purposes;

(c) lend any Litigation Trust Assets to the Litigation Trustee;

(d) purchase Litigation Trust Assets from the Litigation Trust;

(e) transfer Litigation Trust Assets to another trust with respect to which the Litigation Trustee serves as trustee;

(f) grant liens on any of the Litigation Trust Assets; or

(g) guarantee any debt incurred by any third party.

**3.3 Litigation Trustee Conflicts of Interest.** If the Litigation Trustee determines, in the exercise of the Litigation Trustee's discretion, that he has a conflict of interest with respect to any matter, the Litigation Trustee, after notice to the Bankruptcy Administrator, may request the Bankruptcy Court to approve the Litigation Trustee's choice of a designee to act on behalf of the Litigation Trust solely with respect to such matter, with such designee's authority to so act on behalf of the Litigation Trust to terminate upon the conclusion of the matter.

## ARTICLE 4

## LIABILITY OF LITIGATION TRUSTEE

**4.1 Trustee Standard of Care; Exculpation; Limitation on Liability.** Neither the Litigation Trustee, nor any partner, director, officer, affiliate, employee, employer, professional, agent, or representative of the Litigation Trustee, shall be personally liable for any act or omission in connection with affairs of the Litigation Trust to any Beneficiary of the Litigation Trust, the Litigation Trust, or any other Person, except for such of the Litigation Trustee's acts or omissions as shall constitute fraud, bad faith, willful misconduct, gross negligence, reckless disregard of his duties, self-dealing, or breach of fiduciary duty as determined by a Final Order of the Bankruptcy Court. Persons dealing with the Litigation Trustee, or seeking to assert claims against the Litigation Trustee, shall have recourse only to the Litigation Trust Assets (excluding any fund to pay administrative costs) to satisfy any liability incurred by the Litigation Trustee to such Persons in carrying out the terms of this Agreement.

**4.2 Indemnification.** Except as otherwise set forth in the Plan or Confirmation Order, the Litigation Trustee (and in their capacity as such, any partner, director, officer, affiliate, employee, employer, attorney, professional, agent, or representative of the Litigation Trustee) shall be defended, held harmless, and indemnified from time to time by the Litigation Trust against any and all losses, claims, damages, taxes, suits, costs, expenses (including attorneys' fees and disbursements), and liabilities to which such indemnified parties may be subject by reason of such indemnified party's execution in good faith and in a manner that the Person reasonably believed to be consistent with the terms of the Plan, the Confirmation Order, and this Agreement of its or his duties pursuant to the discretion, power, and authority conferred on such Person by this Agreement, the Plan, or the Confirmation Order; provided, however, that the Litigation Trust shall not indemnify the Litigation Trustee or any partner, director, officer, affiliate, employee, employer, professional, agent, or representative of the Litigation Trustee for any actions taken by such indemnified parties that constitute bad faith, willful misconduct, gross negligence, reckless disregard of duty, fraud, self-dealing, or breach of fiduciary duty as determined by a Final Order of the Bankruptcy Court. Satisfaction of any obligation of the Litigation Trust arising pursuant to the terms of this section shall be payable only from the Litigation Trust Assets, and such right to payment shall be prior and superior to any other rights to receive on behalf of any Beneficiary any distribution of Litigation Trust Assets or proceeds thereof. The Litigation Trust shall have the sole right to control the defense and settlement of claims as to which it is obligated to indemnify.

**4.3 Bond.** The Litigation Trustee shall be bonded with respect to the performance of his duties. All costs and expenses of procuring a bond shall be deemed expenses of the Litigation Trust.

**4.4 No Liability for Acts of Predecessor Litigation Trustees.** No successor Litigation Trustee shall be in any way liable for the acts or omissions of any predecessor Litigation Trustee unless a successor Litigation Trustee expressly in writing assumes such responsibility.

**4.5 Reliance by Litigation Trustee on Documents, Mistake of Fact, or Advice of Counsel.** Except as may be otherwise provided in this Agreement, the Litigation Trustee may rely,

and shall be protected from liability for acting, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Litigation Trustee to be genuine and to have been presented by an authorized party. Also, the Litigation Trustee shall not be liable if he acts in good faith based on a mistake of fact before having actual knowledge of such mistake. The Litigation Trustee shall not be liable for any action taken or suffered by the Litigation Trustee in reasonably relying upon the advice of counsel or other professionals engaged by the Litigation Trustee in accordance with this Agreement.

**4.6 Insurance.** The Litigation Trustee may cause the Litigation Trust to purchase errors and omissions insurance with regard to any liabilities, losses, damages, claims, costs, and expenses the Litigation Trustee may incur, including but not limited to attorneys' fees, arising out of or due to his actions or omissions, or consequences of such actions or omissions, other than as a result of his fraud, gross negligence, or willful misconduct, with respect to the implementation and administration of the Plan, the Litigation Trust, and this Agreement.

## ARTICLE 5

## DUTIES OF LITIGATION TRUSTEE

**5.1 General.** The Litigation Trustee shall have all the duties specified in the Plan, the Confirmation Order, and this Agreement.

**5.2 Books and Records.** The Litigation Trustee shall maintain, in respect of the Litigation Trust, books and records relating to the Litigation Trust Assets and income and proceeds realized therefrom, and the payment of expenses of and claims against or assumed by the Litigation Trust, in such detail and for such period of time as may be necessary to enable him to make full and proper reports in respect thereof. Except as expressly provided in this Agreement, the Plan, or the Confirmation Order, nothing in this Agreement is intended to require the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for making any payment or distribution out of the Litigation Trust Assets or proceeds therefrom.

**5.3 Final Accounting of Litigation Trustee.** The Litigation Trustee shall within sixty (60) days after the earlier of: (i) the Final Distribution Date; or (ii) the Litigation Trustee's resignation, removal, liquidation, or death (in which case, the obligation contained in this section shall pass to the Litigation Trustee's estate), render a final accounting containing at least the following information:

(a) a description of the Litigation Trust Assets;

(b) a summarized accounting in sufficient detail of all gains, losses, receipts, disbursements, and other transactions in connection with the Litigation Trust and the Litigation Trust Assets during the Litigation Trustee's term of service, including their source and nature;

(c) separate entries for all receipts of principal, income, or other proceeds;

(d) the ending balance of all Litigation Trust Assets (including any proceeds thereof) as of the date of the Litigation Trustee's accounting, including the Cash balance on hand and the name and location of the depository where it is kept; and

(e) all known liabilities owed by the Litigation Trust.

The final accounting shall be presented to the Bankruptcy Court for approval, and the Bankruptcy Administrator shall have notice that the final accounting has been filed and the opportunity for a hearing on the approval of the accounting and the discharge of the Litigation Trustee.

**5.4 Establishment of Accounts and Reserves.**

(a) On the Effective Date or as soon as practicable thereafter, the Litigation Trustee shall establish an account which shall consist of all Cash belonging to the Litigation Trust Estate, including all Cash transferred to the Litigation Trust pursuant to the Plan (the "General Account"), and pursuant to the terms of the Plan, may use any of the Debtor's existing accounts for that purpose.

(b) On the Effective Date or as soon as practicable thereafter, the Litigation Trustee may, but is not required to, establish from and within the General Account a Distribution Reserve for the purposes of making Distributions to any Holder of a Disputed Claim if and when such Claim becomes an Allowed Claim or, if such Disputed Claim becomes Disallowed, then to the Holders of the Allowed Claims. The Litigation Trustee shall have sole discretion to determine the amount to be funded into the Distribution Reserve provided that such discretion is not exercised in a manner that is inconsistent with the express provisions of the Plan. Unless otherwise provided in the Plan or this Agreement, when such a Claim is Allowed or Disallowed (and thus becomes an Allowed Claim or a Disallowed Claim, in whole or in part), the funds set aside on account of such Claim shall be released from the reserve and shall be treated as funds available for distribution in accordance with the terms of the Plan and this Agreement.

(c) The Litigation Trustee shall create from and within the General Account a Litigation Trust Expense Reserve in an amount sufficient to pay for the Post-Effective Date Expenses of the Litigation Trust (including compensation to the Litigation Trustee and his professionals) and all Allowed Administrative Expenses Claims and Allowed Priority Claims, including the Professional Compensation and Reimbursement Claims. Consistent with the Plan, the Litigation Trustee, in his sole discretion, on and after the Effective Date, shall have authority to increase or decrease the Litigation Trust Expense Reserve as appropriate.

(d) Except as otherwise provided in the Plan, Confirmation Order, and this Agreement, the Litigation Trustee shall make distributions to Holders of Allowed Claims in the exercise of his sound discretion, based on the amount of Cash on hand, the amount needed to fund the Litigation Trust Expense Reserve, whether there remain any unpaid Administrative Expense Claims or Priority Claims, the amount of Disputed Claims and

Claims not yet Allowed, the amount of General Unsecured Claims that are Allowed at the time, and the status of any pending litigation, if any, affecting such distributions.

**5.5 Consultation with the Bankruptcy Administrator.** The Litigation Trustee shall consult with the Bankruptcy Administrator, and shall endeavor to keep the Bankruptcy Administrator reasonably informed, concerning material aspects of the administration of the Litigation Trust. Notwithstanding the immediately foregoing sentence, such consultation with and provision of information to the Bankruptcy Administrator shall in no way affect the Litigation Trustee's obligations, duties, authority, and standard of care hereunder and under applicable law and shall in no way require the Litigation Trustee to obtain the Bankruptcy Administrator's consent to or agreement with any act or decision, or any proposed act or proposed decision, by the Litigation Trustee.

## ARTICLE 6

## BENEFICIARIES

**6.1 Effect of Death, Incapacity, or Bankruptcy of Beneficiary.** The death, incapacity, or bankruptcy of a Beneficiary during the term of the Litigation Trust shall not operate to terminate the Litigation Trust during the term of the Litigation Trust nor shall it entitle the representatives or creditors of the deceased, incapacitated, or bankrupt Beneficiary to an accounting, or to take any action in any court or elsewhere for the distribution of the Litigation Trust Assets or for a petition thereof, nor shall it otherwise affect the rights and obligations of the Beneficiary's representatives and creditors (in such capacity) under this Litigation Trust Agreement or in the Litigation Trust.

**6.2 Standing of Beneficiary.** Except as may be expressly provided in this Litigation Trust Agreement, the Plan, or the Confirmation Order, a Beneficiary does not have standing to direct the Litigation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party (other than the Litigation Trustee) upon or with respect to the Litigation Trust Assets.

**6.3 Release of Liability by Beneficiary.** A Beneficiary shall not relieve the Litigation Trustee from any duty, responsibility, restriction, or liability as to such Beneficiary that would otherwise be imposed under this Litigation Trust Agreement unless such relief is approved by Final Order of the Bankruptcy Court.

## ARTICLE 7

## DISTRIBUTIONS

**7.1 Distributions from Litigation Trust Assets.** All payments to be made by the Litigation Trustee to any Person shall be made only in accordance with the Plan, the Confirmation Order, and this Agreement, and from the Cash or Cash proceeds of Litigation Trust Assets, and only to the extent that the Litigation Trust has sufficient Cash to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order, and this Litigation Trust Agreement. Any distribution made by the Litigation Trustee in good faith shall be binding and conclusive on all interested parties, absent manifest error.

**7.2 Distributions; Withholding.** The Litigation Trustee shall make distributions at such times, consistent with the terms of the Plan, the Confirmation Order, and this Agreement, as the Litigation Trustee deems appropriate from all net Cash income and all other Cash proceeds received by the Litigation Trust; provided, however that the Litigation Trust may retain such amounts (i) as are reasonably necessary to meet known and contingent liabilities and to maintain the value of the Litigation Trust Assets during the term of the Litigation Trust, (ii) to pay reasonable administrative expenses, including, without limitation, the compensation and the reimbursement of reasonable costs, fees (including attorneys' and other professional fees), and expenses of the Litigation Trustee in connection with the performance of his duties in connection with this Litigation Trust Agreement, and (iii) to satisfy all other liabilities incurred or assumed by the Litigation Trust (or to which the Litigation Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order, and this Agreement. All such distributions shall be made, subject to any withholding or reserve, as provided in this Agreement, the Plan, or the Confirmation Order. Additionally, the Litigation Trustee may withhold from amounts otherwise distributable on behalf of Beneficiaries any and all amounts, determined in the Litigation Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement. The Litigation Trustee may withhold the entire distribution to any Holder of an Allowed Claim until such time as the Holder provides the Litigation Trustee with the necessary information to comply with any withholding requirements of any governmental unit. If the Holder of an Allowed Claim fails to provide the Litigation Trustee with the necessary information to comply with any withholding requirements of any governmental unit within sixty (60) days after the date of first notification, at the last address known to the Litigation Trustee, by the Litigation Trustee to the Holder of the need for such information, then the Holder shall be deemed to have waived the right to receive any distribution from the Litigation Trust. Notwithstanding any other provision of the Plan, (i) each Holder of an Allowed Claim that is to receive a distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such distribution; and (ii) no distribution shall be made to or on behalf of such Holder pursuant to this Agreement or the Plan unless and until such Holder has made arrangements satisfactory to the Litigation Trustee for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon any disbursing agent in connection with such distribution. Any property to be distributed pursuant to this Agreement or the Plan shall, pending the implementation of such arrangements, be treated as an undeliverable distribution under this Agreement or the Plan. Notwithstanding the foregoing, no amount shall be withheld or reserved from any distribution on account of an Allowed Administrative Expense Claim by reason of any Chapter 5 Action or other Cause of Action against the Holder of such Claim, except as provided in Section 7.9.

**7.3 Non-Cash Property.** Any non-Cash property of the Litigation Trust may be sold, transferred, or abandoned by the Litigation Trustee. Notice of any such sale, transfer, or abandonment shall be provided to the Bankruptcy Administrator (not less than ten (10) days' written notice) as to any such non-Cash property that likely has value exceeding ten thousand dollars ($10,000). If, in the Litigation Trustee's judgment, such property cannot be sold in a commercially reasonable manner, the Litigation Trustee shall have the right to abandon or

otherwise dispose of such property, including by donation of such property to a charity designated by the Litigation Trustee. Except in the case of willful misconduct, no party in interest shall have a cause of action against the Debtor or the Trustee, any partner, director, officer, employee, consultant, or professional of the Debtor or the Trustee; the Litigation Trust; the Litigation Trustee, or any partner, director, officer, employee, consultant, or professional of the Litigation Trust or Litigation Trustee arising from or related to the disposition of non-Cash property in accordance with this section.

**7.4 Method of Cash Distributions.** Any Cash payment to be made by the Litigation Trust pursuant to the Plan will be in U.S. dollars and may be made, at the sole discretion of the Litigation Trustee, by draft, check, wire transfer, or as otherwise required or provided in any relevant agreement or applicable law. Mailed distributions shall be sent to the address provided for the Holder of an Allowed Claim in its respective proof of claim filed with the Court, if any, or if no proof of claim was filed, at the address provided on the Schedules or such Holder's last address known to the Litigation Trustee. The Litigation Trustee shall not be required to locate the current address for any Holder of an Allowed Claim whose distribution is returned to the Litigation Trustee as undeliverable, in accordance with section 7.11 hereof.

**7.5 Distributions on Non-Business Days.** Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day. As used in this Agreement, the term "Business Day" shall mean any day other than a Saturday, Sunday, or any other day on which commercial banks in New York, New York are required or authorized to close by law or executive order.

**7.6 Objections to Other Claims.**

(a) Objection Procedures. From and after the Effective Date, the Litigation Trustee shall have the exclusive right and standing to (i) object to and contest the allowance of all Claims, (ii) compromise and settle any Disputed Claim or Claim that has not otherwise been Allowed without Bankruptcy Court approval, subject to the notice procedure set forth in section VII(N)(2) of the Plan; and (iii) litigate to final resolution objections to Claims. No distribution shall be made pursuant to the Plan to a Holder of Claim, Disputed or otherwise, unless and until such Claim is or becomes an Allowed Claim. All objections to Claims shall be filed with the Bankruptcy Court, and served upon the Holders of such Claims, on or before the sixtieth (60th) day after the Effective Date.

(b) Resolution of Claims. If the Holder of a Disputed Claim or Claim that has not otherwise been Allowed and the Litigation Trustee agree to a settlement of such Claim for an amount that does not exceed $10,000, the Litigation Trustee shall be authorized to enter into and effectuate such settlement without any further notice or approval of the Bankruptcy Court, and the settled Claim shall be deemed an Allowed Claim. If the Holder of such a Claim and the Litigation Trustee agree to a settlement of such Claim and the settlement amount exceeds $10,000, the Litigation Trustee shall provide notice of the proposed settlement (with a fourteen-day (14) period to object) to the Persons or Entities on the Post-Effective Date Notice List. If no objection is received within the fourteen-day

(14) period, the settled Claim shall be deemed to be an Allowed Claim, without the need for further review by or approval of the Bankruptcy Court or any other party. If an objection to a proposed settlement is received within the 14-day period and such objection cannot otherwise be resolved, then the Litigation Trustee shall schedule a hearing in the Bankruptcy Court to resolve the objection.

Until such time as an unliquidated Claim, contingent Claim, or a contingent portion of a Claim becomes Allowed or is Disallowed, such Claim will be treated as a Disputed Claim for all purposes related to distributions. The Holder of an unliquidated or contingent Claim will be entitled to a distribution under the Plan only when and if such unliquidated or contingent Claim becomes an Allowed Claim.

**7.7 Minimum Distributions.** If the amount of Cash to be distributed to the Holder of an Allowed Claim is less than $50 on a particular Distribution Date, the Litigation Trustee may hold the Cash distributions to be made to such Holder until the aggregate amount of Cash to be distributed to such Holder is in an amount equal to or greater than $50. Notwithstanding the preceding sentence, if the aggregate amount of Cash distribution owed to any Holder of an Allowed Claim never equals or exceeds $50, then the Litigation Trustee shall not be required to distribute Cash to any such Holder. This section 7.7 shall not apply to Holders of Allowed Convenience Claims, who shall be entitled to receive distributions in the amounts determined by section IV(B)(5) of the Plan irrespective of the amounts of such distributions.

**7.8 Rounding.** Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent, with one-half cent being rounded up to the nearest whole cent.

**7.9 Setoffs and Recoupments.** The Litigation Trustee may, pursuant to Section 553 of the Bankruptcy Code or applicable non-bankruptcy law, exercise the right of setoff or the right of recoupment, as applicable, against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Claim (before distribution is made on account of such Claim), the claims, rights, and causes of action of any nature that the Debtor may hold against the Holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff or recoupment nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Litigation Trustee of any such claims, rights, and causes of action that the Litigation Trust may possess against such Holder. Notwithstanding the foregoing, nothing herein shall permit or authorize the Litigation Trustee to exercise the right of setoff or the right of recoupment, as applicable, under this Section 7.9, or to withhold or delay payment of any Allowed Administrative Expense Claim on account of any Chapter 5 Action or other Cause of Action, without first obtaining a Final Order from the Bankruptcy Court, entered in an adversary proceeding commenced against the Holder of such Claim, authorizing such setoff or recoupment. Furthermore, nothing in this Litigation Trust Agreement shall be deemed to waive or otherwise limit any applicable defenses that may be asserted in response to any Chapter 5 Actions or other Causes of Action.

**7.11 Undeliverable Distributions.**

(a) Holding of Undeliverable Distributions. If any Allowed Claim Holder's distribution is returned as undeliverable, no further distributions shall be made to such Holder unless and until the Litigation Trustee is notified in writing of such Holder's then-current address. Undeliverable distributions shall remain in the possession of the Litigation Trustee until such time as a distribution becomes deliverable. Undeliverable Cash shall not be entitled to any interest, dividends, or other accruals of any kind. Within twenty-one (21) days after the end of each calendar quarter following the Effective Date, the Litigation Trustee shall make all distributions that become deliverable during the preceding calendar quarter, except as otherwise provided in the Plan, the Confirmation Order, or this Agreement. Any check that is not cashed or otherwise deposited within three months after the date of the check shall be deemed an undeliverable distribution under the Plan.

(b) Failure to Claim Undeliverable Distributions. In an effort to ensure that all Holders of Allowed Claims receive their allocated distributions, the Litigation Trustee will file with the Bankruptcy Court a listing of unclaimed distribution Holders. This list will be maintained and updated as needed for as long as the Chapter 11 Case stays open. Any Holder of an Allowed Claim that does not assert a Claim pursuant to the Plan for an undeliverable distribution within three (3) months after the first attempted delivery shall have its Claim for such undeliverable distribution discharged and shall be forever barred from asserting any such Claim against the Debtor, the Litigation Trust Estate, or the Litigation Trustee, or their respective property. In such cases, any Cash held for distribution on account of such Claims shall be property of the Litigation Trust Estate, free of any restrictions thereon, and shall revert to the account from which such payment was originally issued to be distributed pursuant to the Plan. Nothing contained in the Plan, the Confirmation Order, or this Agreement shall require the Litigation Trustee to attempt to locate any Holder of an Allowed Claim.

## ARTICLE 8

## TAXES

### 8.1 Income Tax Status.

(a) It is intended that the Litigation Trust be classified for Federal income tax purposes as a Litigation trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124 and as a "grantor trust" subject to the provisions of Subtitle A, Chapter 1, Subchapter J, Part I, Subpart E of the Tax Code that is owned by its Beneficiaries. Accordingly, the parties hereto intend that the Beneficiaries of the Litigation Trust be treated as if they had received a distribution of the applicable assets transferred to the Litigation Trust and then contributed such assets to the Litigation Trust. As such, notwithstanding anything set forth herein, the transfer of assets to the Litigation Trust shall be treated for all purposes of the Tax Code as a transfer from the Estate to creditors to the extent the creditors are beneficiaries of the Litigation Trust followed by a deemed transfer by the Beneficiaries to the Litigation Trust. The Beneficiaries will be treated as grantors and deemed owners of the Litigation Trust.

(b) All parties, including the Debtor, the Litigation Trustee, and all Beneficiaries of the Litigation Trust, must value all assets transferred to the Litigation Trust consistently, and those valuations must be used for all Federal, state, and local income tax purposes. The Litigation Trustee must file returns for the Litigation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a). The assets shall be valued based upon the Liquidation Trustee's good faith determination of their fair market value.

(c) Anything set forth herein to the contrary notwithstanding, the Litigation Trust shall not receive or retain Cash or Cash equivalents in excess of a reasonable amount to meet claims and contingent liabilities or to maintain the value of Litigation Trust Assets during liquidation. All income of the Litigation Trust must be subject to tax on a current basis, including income retained in a disputed claims reserve. The taxable income of the Litigation Trust will be allocated to and among Beneficiaries who are grantors of the Litigation Trust as required by virtue of their being grantors and deemed owners of the Litigation Trust, and they shall each be responsible to report and pay taxes due on their appropriate share of Litigation Trust income.

(d) The Litigation Trust shall be classified as a Litigation trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124, and in the event of any inconsistency between any term or provision herein, in the Plan, or in the Confirmation Order necessary for the Litigation Trust to be deemed at all times a Litigation trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124 and any other term or provision herein, in the Plan, or in the Confirmation Order, the term(s) and provision(s) necessary for the Litigation Trust to be deemed a Litigation trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124 shall govern. Similarly, anything to the contrary set forth herein, in the Plan, or in the Confirmation Order notwithstanding, to the extent any term or provision herein, in the Plan, in the Confirmation Order would result in the Litigation Trust not being classified as a Litigation trust at all times pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124, such term or provision shall be ineffective and reformed to the extent necessary for the Litigation Trust to be classified at all times as a Litigation trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124.

(e) As used in this Litigation Trust Agreement, the following terms shall have the following meanings:

> "Tax Code" shall mean the Internal Revenue Code of 1986, 26 U.S.C. § 1 et seq., as amended from time to time, and corresponding provisions of any subsequent federal revenue act. A reference to a section of the Tax Code shall include a reference to any and all Treasury Regulations interpreting, limiting or expanding such section of the Tax Code; and

"Treasury Regulations" shall mean regulations promulgated under the Tax Code, including, but not limited to the Procedure and Administration Regulations, as such regulations may be amended from time to time.

**8.2 Tax Returns.** The Litigation Trustee shall prepare and provide to, or file with, the appropriate parties such notices, tax returns, information returns, and other filings as may be required by the Tax Code and may be required by applicable law of other jurisdictions. The Litigation Trustee shall be responsible for filing all federal, state, and local tax returns and information returns of the Litigation Trust. The Litigation Trustee shall not be responsible for filing any tax return of the Debtor for tax years 2026 or 2027. The Litigation Trustee shall, when specifically requested by a Beneficiary in writing, make such tax information available to the Beneficiary for inspection and copying at the Beneficiary's expense, as is necessary for the preparation by such Beneficiary of its income tax return.

## ARTICLE 9

## TERMINATION OF TRUST

**9.1 Term**. The Litigation Trust shall terminate upon the earlier of (a) the date on which all of the Assets are liquidated in accordance with the Plan, the funds in the Litigation Trust have been completely distributed in accordance with the Plan, all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities and the Order closing the Chapter 11 Cases is a Final Order or (b) five (5) years from the date of creation of the Litigation Trust, unless extended by the Bankruptcy Court as provided herein. The Litigation Trustee shall at all times endeavor to liquidate expeditiously the Litigation Trust Assets (or any non-Cash proceeds thereof), and in no event shall the Litigation Trustee unduly prolong the duration of the Litigation Trust. The foregoing notwithstanding, in the event that the Litigation Trustee determines that all of the Litigation Trust Assets and/or proceeds thereof will not, despite reasonable efforts, be distributed by the date which is five (5) years from the date of creation of the Litigation Trust, or for any other reason consistent with this Agreement and the Plan, and if warranted by the facts and circumstances, the Litigation Trustee may petition the Bankruptcy Court to extend the term of the Litigation Trust. Each and every such extension must be for a reasonable finite period based on the particular facts and circumstances, must be subject to the approval of the Bankruptcy Court and approved upon a finding that the extension is necessary to the Litigation purpose of the Litigation Trust and must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term. At such time as the Litigation Trust has been fully administered (i.e., when all things requiring action by the Litigation Trustee have been done, and the Plan has been substantially consummated) and in all events within sixty (60) days after the Final Determination Date, the Litigation Trustee will file an application for approval of his final report and the entry of the final decree by the Bankruptcy Court. Upon final distribution pursuant to this Agreement, the Litigation Trustee shall retain the books, records, and files that shall have been delivered to or created by the Litigation Trustee. At the Litigation Trustee's discretion, all such records and documents may be destroyed at any time after two (2) years after the Final Distribution Date.

**9.2 Event Upon Termination.** Upon the termination of the Litigation Trust, the Litigation Trustee shall distribute the remaining Litigation Trust Assets (including any proceeds thereof), if any, to the Beneficiaries in accordance with the Plan and the Confirmation Order, or shall otherwise dispose of them as directed by the Bankruptcy Court and consistent with the terms of the Plan and the Confirmation Order.

**9.3 Winding Up and Discharge of the Litigation Trustee.** For the purposes of winding up the affairs of the Litigation Trust at its termination, the Litigation Trustee shall continue to act as Litigation Trustee until his duties have been fully discharged. After doing so, the Litigation Trustee, and his agents and employees shall have no further duties or obligations hereunder, except as required by this Agreement, the Plan, the Confirmation Order, or applicable law concerning the termination of a trust. Upon a motion by the Litigation Trustee, the Bankruptcy Court may enter an order relieving the Litigation Trustee, and his agents and employees of any further duties, discharging the Litigation Trustee, and releasing his bond, if any.

## ARTICLE 10

## ADMINISTRATIVE EXPENSES

**10.1 Funding.** The cost and expenses of the Litigation Trust, including, without limitation, the compensation to and the reimbursement of reasonable, actual, and necessary costs, fees (including attorneys' and other professional fees), and expenses of the Litigation Trustee in connection with the performance of his duties in connection with the Plan and this Agreement, shall be paid from the Litigation Trust Expense Reserve without the necessity for any approval by the Bankruptcy Court (the "Trustee's Administrative Expense Fund"). The Trustee's Administrative Expense Fund shall not be subject to charge for claims against the Litigation Trust or the Litigation Trust Assets (including any proceeds thereof), including, without limitation, any claims under sections 4.1 and 4.2 of this Agreement.

## ARTICLE 11

## MISCELLANEOUS PROVISIONS

**11.1 Amendments.** The Litigation Trustee may (after consultation with the Bankruptcy Administrator) propose to the Bankruptcy Court the modification, supplementation, or amendment of this Litigation Trust Agreement. Such proposed modification, supplementation, or amendment shall be in writing and filed with the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court, notice of such filing shall be served on the Bankruptcy Administrator and the Post-Effective Date Notice List. No modification, supplementation, or amendment of this Litigation Trust Agreement shall be effective except upon a Final Order of the Bankruptcy Court.

**11.2 Waiver.** No failure by the Litigation Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

**11.3 Cumulative Rights and Remedies.** The rights and remedies provided in this Agreement are cumulative and are not exclusive of any rights under law or in equity.

**11.4 Irrevocability.** The Litigation Trust is irrevocable.

**11.5 Division of Trust.** Under no circumstances shall the Litigation Trustee have the right or power to divide the Litigation Trust unless authorized to do so by the Bankruptcy Court.

**11.6 Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws.

**11.7 Retention of Jurisdiction.** To the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Litigation Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits, and issues that may arise in connection therewith, or this Agreement, or any entity's obligations incurred in connection therewith or herewith, including, without limitation, any action against the Litigation Trustee or any professional retained by the Litigation Trustee or the Litigation Trust, in each case in its capacity as such. Each Beneficiary, each Holder of any Claim (whether an Allowed Claim, a Disputed Claim, a Convenience Claim, or otherwise), each Holder of any Equity Interest, and each party to this Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court: (i) in any dispute arising from or in any way relating to this Agreement; (ii) in any dispute arising from or in any way relating to the Litigation Trust or the Litigation Trustee; and (iii) in any action to enforce, interpret, or construe any provision of this Agreement or of any other agreement or document delivered in connection with this Agreement. Each Beneficiary, each Holder of any Claim (whether an Allowed Claim, a Disputed Claim, a Convenience Claim, or otherwise), each Holder of any Equity Interest, and each party to this Agreement also hereby jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that (i) any action to enforce, interpret, or construe any provision of this Agreement will be brought only in the Bankruptcy Court and (ii) all determinations, decisions, rulings, and holdings of the Bankruptcy Court shall be final and non-appealable and not subject to reargument or reconsideration. Each Beneficiary, each Holder of any Claim (whether an Allowed Claim, a Disputed Claim, a Convenience Claim, or otherwise), each Holder of any Equity Interest, and each party to this Agreement hereby irrevocably consents to the service as set forth in section 11.10 of this Agreement or such other address as such party may designate from time to time by notice given in the manner provided above, of any process in any action to enforce, interpret, or construe any provision of this Agreement.

**11.8 Severability.** In the event that any provision of this Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court or another court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this of this Agreement, or the application of such provision to persons or circumstances, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

**11.9 Limitation of Benefits.** Except as otherwise specifically provided in this Agreement, the Plan, or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Agreement.

**11.10 Notices.** All notices, requests, demands, consents, and other communication hereunder shall be in writing and shall be deemed to have been duly given, if delivered in person, by facsimile with an electromechanical report of delivery, sent by overnight courier or by registered or certified mail with postage prepaid, return receipt requested, or sent via electronic mail to the following addresses.

If to the Debtor: Hendren, Redwine & Malone, PLLC
Attn: Rebecca Redwine Grow, Esq.
4600 Marriott Dr., Suite 150
Raleigh, NC 27612
Tel.: (919) 420-0941
Fax: (919) 420-0475
rredwine@hendrenmalone.com

If to the Litigation Trustee: Hendren, Redwine & Malone, PLLC
Attn: Rebecca Redwine Grow, Esq.
4600 Marriott Dr., Suite 150
Raleigh, NC 27612
Tel.: (919) 420-0941
Fax: (919) 420-0475
rredwine@hendrenmalone.com

If to the Holder of a Claim: To the address provided for the Holder of such Claim in its respective proof of claim filed with the Court, if any, or if no proof of claim was filed, at the address provided on the Schedules, or such Holder's last address known to the Litigation Trustee.

If to the Holder of an Equity Interest: To the address provided for the Holder of such Equity Interest in its respective proof of interest filed with the Court, if any, or if no proof of interest was filed, at the address provided on the Schedules, or such Holder's last address known to the Litigation Trustee.

If to a member of the Post-Effective Date Notice List: To the address provided to the Litigation Trustee by such member.

The parties may designate in writing from time to time other and additional places to which notices may be sent. All demands, requests, consents, notices, and communications shall be deemed to have been given (i) at the time of actual delivery thereof if by facsimile or electronic mail; (ii) if given by certified or registered mail, five (5) business days after being deposited in the

United States mail, postage prepaid, and properly addressed; or (iii) if given by overnight courier, the next business day after being sent, charges prepaid, and properly addressed.

**11.11 Further Assurances.** From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Agreement, and to consummate the transactions contemplated hereby.

**11.12 Integration.** This Agreement, the Plan, and the Confirmation Order constitute the entire agreement, by and among the parties with respect to the subject matter hereof, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan, or in the Confirmation Order. This Agreement, together with the Plan and the Confirmation Order, supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.

**11.13 Successors or Assigns**. The terms of this Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

**11.14 Interpretation.** The enumeration and section headings contained in this Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this Agreement, the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations, and corporations. The words herein, hereby, and hereunder, and words with similar import, refer to this Agreement as a whole and not to any particular section or subsection hereof unless the context requires otherwise.

**11.15 Relationship to the Plan.** The principal purpose of this Litigation Trust Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. In the event that any provision of this Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order shall control.

**11.16 Counterparts.** This Agreement may be signed by the parties hereto in counterparts, each of which shall be deemed an original, and which, when taken together, shall constitute one and the same document. Delivery of any executed counterpart may be in "wet ink" form, via telecopy, or via electronic transmission attaching a copy in pdf format or the like.

IN WITNESS WHEREOF, the parties hereto have executed this Litigation Trust Agreement all as of the date first above written.

**DEBTOR:**

____________________________________________

Michael Levin, not individually but solely in his capacity as Board Chair for Charles & Colvard, Ltd.

**LITIGATION TRUSTEE:**

____________________________________________

John C. Bircher III, not individually but solely in his capacity as Litigation Trustee under this Litigation Trust Agreement